[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO CITE IN THIRD PARTYDEFENDANT
The plaintiff Felix Montada, Jr. commenced this dissolution of marriage action by service of process on the defendant Hermelinda Montada on June 8, 1994. The action carries a return date of July 5, 1994.
The defendant has moved to cite in a third party defendant, Felix Montada, Sr., the plaintiff's father. In her proposed third party complaint, the defendant alleges that on May 26, 1994, two weeks before this action was commenced, the plaintiff transferred by quitclaim deed and for nominal consideration his interest in certain real property to his father. She also alleges that this was done in contemplation of the plaintiff's filing for divorce with the intent to place the real estate beyond the reach of the defendant and beyond the court's jurisdiction to include it in an equitable distribution of the estates of the parties. She asks, in part, for an order setting aside the conveyance and for an order assigning to her all or part of the plaintiff's reconveyed interest in the property.
The plaintiff responds that the conveyance of the plaintiff to his father and the allegations relating to it do not meet the required elements of Conn. Gen. Stat. § 52-552a et seq., the Uniform Fraudulent Transfer Act; and thus failing to state a cause of action, the motion to cite in Mr. Montada, Sr., must be denied. The plaintiff asks, essentially, that the court evaluate the motion to cite in the third party defendant by the same standard as would be used in determining a motion to strike, and make a finding as to its legal sufficiency before deciding whether to permit the citation to issue. Without deciding whether this is the correct standard, the court is satisfied that the defendant has pleaded sufficient facts to bring the third party defendant before the court. CT Page 11920
The plaintiff states that the marriage itself does not provide the defendant with a "claim" under the UFTA, that only a dissolution action has been held to do so, and since no dissolution action was commenced before the transfer, there exists no extant claim. The defendant counters that were the court to accept the plaintiff's reading of the law, a plaintiff, whose knowledge of the impending commencement of the action is his alone, could always frustrate the intent of the UFTA by simply transferring whatever he wished before he filed the divorce action, a situation antithetical to the policy of the Act and the equitable distribution laws.
In fact the Act itself contemplates in seemingly the broadest terms what constitutes a "claim." Conn. Gen. Stat. § 52-522b(3) defines a claim as a right to payment that is "liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Nor need the plaintiff show that the transfer created insolvency, but only, for example, that the transfer was made "with actual intent to hinder, delay or defraud. . . ." Conn. Gen. Stat. § 52-522e(a)(1). Cases decided under the predecessor statute stated that the issue was "whether the conveyance removed property from the marital estate that would otherwise have been subject to claims of equitable distribution." Tessitore v. Tessitore, 31 Conn. App. 40, 42
(1993); Gaudio v. Gaudio, 23 Conn. App. 287, 308, cert. den.,217 Conn. 803 (1990).
The plaintiff asserts that in every reported case involving a fraudulent conveyance in the context of a dissolution action, the transfer occurred after the commencement of the action,[1] so that there is no authority to bring the third party defendant into this action on these facts. That many fact situations differ from the instant case should not prevent the court from allowing the defendant to attempt to prove that the plaintiff has nevertheless defrauded her, albeit perhaps more cleverly than the losing litigants in prior cases.
The Defendant's Motion to Cite In Felix Montada, Sr., is granted.