[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13126
The defendants, the Starks, have moved to discharge a lis pendens placed upon their property by the plaintiff, Byrne. They claim that there is no probable cause to sustain the validity of any claim which would sanction the filing of a lis pendens.
Byrne put up her house for sale. The Starks lived adjacent to her property. Byrne listed the home with an agent. At first the Starks expressed an interest in buying the property, but Byrne decided she did not want to sell to them. She claims her husband told Phillip Stark that she would not sell to the Starks. On June 24, 1998, Byrne sold the house to the defendant, Koch. He immediately transferred the property to the Starks. Stark denied that he was told anything about the sale by James Byrne.
Byrne claims that Koch was the agent of the Starks and that through him the Starks represented to Byrne that he was the real purchaser. She claims that representation was false and that the Starks knew it and made false representations to induce her to sell to Koch. She also claims that if it were not for the false representations of the Starks, she never would have sold to Koch. She also claims that the Starks did various other things and said things to prevent the sale of the property. She seeks rescission of the sale.
Under Connecticut General Statutes § 52-325a, the Starks have the right to move to discharge the lis pendens. The plaintiff bears the burden of establishing probable cause to sustain her claim. Connecticut General Statutes § 52-325b. Byrne seeks to set aside the sale on the grounds that it was fraudulent. Fraud must be proven by a standard more exacting than that of a fair preponderance of the evidence. Kavarco v. T.J.E.,Inc. 2 Conn. App. 294, 296 (1984). Fraud must be proven by clear and convincing evidence. Tessitore v. Tessitore,31 Conn. App. 40, 43 (1993).
The court finds that Koch did in fact act as a "straw man" to purchase the property for the Starks. The general rule is that an undisclosed principal may, as the true lawful purchaser, enjoy all the benefits of a real estate conveyance agreement. There is nothing fraudulent about the use of a "straw man" to purchase property.
The testimony in the case by Byrne and her husband, James, CT Page 13127 proved that neither of them directly informed the Starks that she would not sell to them. Thus, there was no credible evidence that either the Starks or their agent had knowledge that Byrne did not want to sell to the Starks.
Byrne has totally failed to prove by any credible evidence that either the Starks or Koch had any knowledge that she did not want to sell to the Starks. Therefore, the rule permitting "straw man" transactions applies and the plaintiff cannot rescind the sale on that basis.
Byrne argues that an affirmative misrepresentation concerning the existence of the agency relationship can justify a rescission. However, in this case the evidence is clear that Byrne was not able to establish a misrepresentation on the part of Koch or the Starks.
The court, therefore, finds that the plaintiff has failed to prove any of the allegations of fraud claimed in the first count of the complaint. The Starks did nothing improper in using an agent to acquire the property. The plaintiff is not entitled to a rescission of the sale.
The notice of lis pendens is improper and is hereby ordered discharged.
D. Michael Hurley, Judge Trial Referee