## CELLU TISSUE CORPORATION *v.* BLAKE EQUIPMENT COMPANY
## (14606)

Dupont, C. J., and Heiman and Hull, Js.

Argued January 18—officially released May 21, 1996

*Lois A. Frankforter*, for the appellant-appellee (defendant).

*James A. Zeller*, with whom, was *F. Timothy McNamara*, for the appellee-appellant (plaintiff).

HEIMAN, J. The defendant appeals from the judgment rendered in favor of the plaintiff after a trial to the court. The plaintiff cross appeals. The defendant claims that the trial court improperly (1) decided the case on a theory of negligence not raised in the complaint and (2) found that the defendant was negligent based on the facts presented at trial.[1] The plaintiff asserts that the trial court improperly determined that

---

[1] The defendant raises the following issues regarding the factual findings of the trial court: "[1] Did the court err in finding that the defendant was negligent in failing to advise the plaintiff that the boiler should be monitored on a twenty-four hour basis, where the court found that the plaintiff knew that the boiler should be monitored on a twenty-four hour basis. [2] Did the court err in finding the defendant negligent for failing to perform certain tests where the court found that the plaintiff's conduct prevented the defendant from performing those tests. [3] Where the court did not find that the *cause* of the loss was the defendant's failure to test, is the trial court's judgment sustainable." (Emphasis in original.)

the plaintiff failed to sustain its burden of proof as to its breach of contract claim. We affirm the judgment of the trial court.

The following procedural facts are relevant to a resolution of this appeal. This case arose out of a two count complaint filed by the plaintiff, a tissue paper manufacturing company, against the defendant, a boiler repair company. The first count sounded in negligence, and the second count sounded in breach of contract. The plaintiff sought to recover damages from the defendant arising out of the failure of the plaintiff's boiler. The defendant filed a special defense alleging that the losses of the plaintiff were caused by the plaintiff's negligence. The trial court found the defendant 50 percent negligent and the plaintiff 50 percent contributorily negligent. The court also found that the plaintiff had not sustained its burden of proof as to its breach of contract claim. The court awarded damages to the plaintiff in the net amount of $29,036.64.

I

The defendant first claims that the trial court improperly decided the case on a theory of negligence not pleaded in the complaint, namely, the failure of the defendant to advise the plaintiff to monitor the water level of the boiler. We do not agree.

In the first count of its complaint, the plaintiff alleged that the defendant was negligent in its responsibilities regarding the repair of the malfunctioning boiler. According to the complaint: "[T]he Defendant . . . was called to the [plaintiff's] plant because it was experiencing problems with [the] boiler water level. The [defendant] was hired to repair the level controls so that the device would work correctly. The Defendant undertook the responsibility to *see to it* that the water level control equipment operated in a proper way and was charged with a duty to so do by virtue of the

purposes for which it was retained by the Plaintiff. . . . It was the responsibility of the Defendant to *see to it* that all functions of the level control of the boiler level devices were performing properly so that the type of occurrence that occurred to this boiler would not occur. That is if a low water level situation developed the devices with which the boiler was equipped would deal with them properly, and shut down the boiler. . . . By reason of the Defendant's breach of its duty that it . . . undertook to *see to it* that these levels properly operated in a low water level position, so as to protect the boiler and as a result of that failure by the Defendant, the Plaintiff has suffered the damages herein before set forth." (Emphasis added.)

The trial court made the following relevant findings of fact. On Thursday, August 23, 1990, the defendant found that the water in the plaintiff's boiler was not keeping up to the proper level and concluded that the modulating motor on the boiler needed to be changed. The defendant proceeded to order a new motor. At that time, however, the defendant did not conduct the tests necessary to pinpoint the problem with the boiler because the plaintiff did not want to shut down the boiler. The defendant, however, cautioned the plaintiff to check the water level of the boiler regularly. On Friday, August 24, 1990, the defendant advised the plaintiff that the new motor had arrived and could be installed on that day. The plaintiff asked the defendant to wait until Monday, August 27, 1990, to install the new motor because the plaintiff needed the boiler for production. The plaintiff monitored the boiler throughout the weekend, closely at times and not so closely at other times. On Sunday, August 26, 1990, the plaintiff discovered that water was leaking from the boiler, and a subsequent inspection revealed that serious damage had occurred to the inside of the boiler. The trial court concluded that the damage to the boiler occurred

because there was an insufficient level of water maintained in the boiler to protect it from overheating.

The trial court determined that the defendant was negligent in failing (1) to run a complete test of the boiler prior to the weekend in order to pinpoint the problem with the boiler, and (2) to advise the plaintiff in sufficiently specific language and in writing, particularly in view of the fact that a new modulating motor had been ordered and that there might be a problem with the primary water cutoff, that operation of the boiler could not be safely continued without twenty-four hour surveillance of the water level. According to the defendant, the trial court improperly determined that the defendant was negligent on the second ground because that ground was not pleaded by the plaintiff in the complaint.

"It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [its] complaint. . . . *Lundberg* v. *Kovacs*, 172 Conn. 229, 232, 374 A.2d 201 (1977). However, [t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 587–88, 542 A.2d 1124 (1988); *Fuessenich* v. *DiNardo*, 195 Conn. 144, 150–51, 487 A.2d 514 (1985). As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery. *Tedesco* v. *Stamford*, 215 Conn. 450, 459, 576 A.2d 1273 (1990), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992); *Giulletti* v. *Connecticut Ins. Placement Facility*, 205 Conn. 424, 434, 534 A.2d 213 (1987); see also *Web Press Services Corp.* v. *New London Motors, Inc.*, 203 Conn. 342, 359–60, 525 A.2d 57 (1987); see also Practice Book §§ 108 and 109.

"Furthermore, a judgment ordinarily cures pleading defects . . . . *Tedesco* v. *Stamford,* supra, 215 Conn. 458. The absence of a requisite allegation in a complaint that would have justified the granting of a motion to strike, however, is not a sufficient basis for vacating a judgment unless the pleading defect has resulted in prejudice. [I]f parties will insist on going to trial on issues framed in a slovenly manner, they must abide the verdict; judgment will not be arrested for faults in statement when facts sufficient to support the judgment have been substantially put in issue and found. . . . Want of precision in alleging the cause of an injury for which an action is brought, is waived by contesting the case upon its merits without questioning such defect. . . . Id., 457." (Internal quotation marks omitted.) *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank,* 230 Conn. 486, 496–97, 646 A.2d 1289 (1994).

The gravamen of the plaintiff's complaint was that the defendant was negligent in not *seeing to it* that the plaintiff's boiler operated properly following the time that the plaintiff retained the defendant to examine and rectify the problem with the malfunctioning boiler. The trial court agreed with the plaintiff and, on the basis of the evidence presented at trial, the court made specific determinations regarding the defendant's failure to exercise its responsibilities concerning the oversight and repair of the boiler. The trial court found that these responsibilities included the defendant's obligations to test the boiler adequately *and* to advise the plaintiff clearly to monitor the boiler during the time period prior to the defendant's installation of the new motor. We decline to read the plaintiff's complaint in the narrow and technical manner suggested by the defendant in order to conclude that the trial court improperly made findings that did not comport with the allegations of the complaint. The complaint alleged that the defendant was negligent in failing to make sure that the boiler

operated properly pursuant to its employment by the plaintiff, and the court found such negligence. The trial court's findings, when examined in light of the complaint, did not allow for recovery under a theory of negligence that deviated from the general allegations of the complaint so as to surprise or prejudice the defendant. See id., 496. Moreover, the case was pleaded and tried on the general premise that the defendant's negligence somehow created the condition that resulted in the plaintiff's damages, and the defendant does not claim here that the trial court improperly admitted any evidence presented at trial in support of the plaintiff's claim. The defendant contested the case on the basis of the evidence presented at trial and has not shown us that it raised any questions at trial regarding any defects in the plaintiff's complaint. See id., 497.[2]

## II

The defendant's remaining claims on appeal and the plaintiff's claim on cross appeal are attacks on the factual findings of the trial court. Both parties claim that the trial court made improper findings based on the

---

[2] The plaintiff characterizes the defendant's claim as one of "variance" between the pleadings and the proof offered at trial. The defendant claims, however, only that the trial court improperly decided the case on a theory of negligence not pleaded in the plaintiff's complaint. The defendant makes no claim that the evidence offered at trial varied from the allegations of the complaint. We note, however, that even if the defendant had made a claim of "variance," such a claim would have failed on the ground of waiver. As we stated, the defendant has not shown that it objected to any evidence at trial that may have varied from the allegations of the complaint. "The appeal process should not be utilized to correct pleading deficiencies which could have been remedied in the trial court. *Fuessenich* v. *DiNardo*, [supra, 195 Conn. 149]. The failure to object to the [evidence] constituted a waiver of any variance between the pleadings and the proof. *Samson* v. *Bechtel*, 180 Conn. 96, 100, 429 A.2d 820 (1980)." *Girgenti* v. *Cali-Con, Inc.*, 15 Conn. App. 130, 135, 544 A.2d 655 (1988); see also *Tedesco* v. *Stamford*, supra, 215 Conn. 461 (" '[t]he proper way to attack a variance between pleadings and proof is by objection at the trial to the admissibility of that evidence which varies from the pleadings, and failure to do so at the trial constitutes a waiver of any objection to such variance' ").

evidence introduced at trial. We disagree with these claims.

"We note initially that [t]he factual findings of a trial court on any issue are reversible only if they are clearly erroneous. . . . This court cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . *Rosick* v. *Equipment Maintenance & Service, Inc.*, 33 Conn. App. 25, 40–41, 632 A.2d 1134 (1993)." (Internal quotation marks omitted.) *Miceli* v. *Helyer*, 40 Conn. App. 336, 340–41, 671 A.2d 826 (1996).

The factual issues in this case were clearly in dispute and much of the evidence was complex in nature. The trial court carefully examined the evidence presented and filed a thorough memorandum of decision regarding its findings. The court determined that the defendant was 50 percent negligent and that the plaintiff was 50 percent contributorily negligent. The trial court also found that the plaintiff had failed to meet its burden of proof as to its breach of contract claim. Subsequent to the trial court's filing of its memorandum of decision, neither party filed a motion to correct or a motion for articulation as to the trial court's findings. Our examination of the record leads us to conclude that ample evidence existed to support the trial court's findings and that no mistake was committed by the trial court in reaching its findings. Thus, we conclude that the trial court's findings are not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.