CONSTANCE DURKIN *v.* RAYMOND F. DURKIN
(15300)

O'Connell, Lavery and Schaller, Js.

Submitted on briefs September 30—officially released December 3, 1996

*Richard G. Kent* filed a brief for the appellant (defendant).

*Diane M. Andersen* and *Susan Wakefield* filed a brief for the appellee (plaintiff).

O'CONNELL, J. In this appeal from the judgment of dissolution of his marriage, the defendant claims that the trial court improperly (1) found him at fault for the breakdown of the marriage, (2) ordered him to pay periodic alimony for eight years and (3) awarded the plaintiff an interest in his retirement benefits.

While the appeal was pending, the trial court issued a postjudgment order awarding the plaintiff counsel fees to defend the appeal. The defendant amended his appeal to add claims that the trial court improperly (4) failed to hold a meaningful hearing on the plaintiff's motion for appellate counsel fees and (5) deprived him of his constitutional right to cross-examine the plaintiff.

We affirm the trial court's judgment on both the original appeal and the supplemental appeal.

I

The record discloses that the plaintiff and the defendant were married on October 2, 1982, and that there were no children of the marriage. The defendant's first two claims, regarding the breakdown of the marriage and the order to pay periodic alimony, clearly implicate the trial court's fact-finding and discretionary functions. On appeal we do not retry the facts. *Muller* v. *Muller*, 43 Conn. App. 327, 682 A.2d 1089 (1996).

In domestic relations cases, our review of the trial court's exercise of discretion is limited to whether it correctly applied the law and could reasonably have concluded as it did. *Palazzo* v. *Palazzo*, 9 Conn. App. 486, 488, 519 A.2d 1230 (1987). Trial courts have a distinct advantage over an appellate court in domestic relations cases where all of the surrounding circumstances and the appearance and attitude of the parties are so significant. *Figlar* v. *Figlar*, 174 Conn. 151, 153, 384 A.2d 1 (1978). Great weight is given to the judgment of the trial court because of its opportunity to observe the parties and the evidence. *Rummel* v. *Rummel*, 33 Conn. App. 214, 221, 635 A.2d 295 (1993).

Our review of the record, transcript and briefs reveals that the trial court properly considered the statutory criteria, the evidence and the financial affidavits of the parties. Accordingly, we conclude that the trial court did not abuse its discretion by finding the defendant at fault for the breakdown of the marriage and ordering him to pay periodic alimony.

In his third claim, the defendant argues that the trial court improperly awarded the plaintiff an interest in his retirement benefits. The defendant correctly points out that expectations of possible future interests are

not property and may not be divided. *Krause* v. *Krause*, 174 Conn. 361, 365, 387 A.2d 548 (1978). The defendant concedes that the distribution of vested pension benefits does not violate the limitation on division of expectancies. *Krafick* v. *Krafick*, 234 Conn. 783, 793–98, 663 A.2d 365 (1995). He argues, however, that there was no evidence that his pension was vested. We do not reverse factual findings of a trial court unless they are clearly erroneous. *Cellu Tissue Corp.* v. *Blake Equipment Co.*, 41 Conn. App. 413, 420, 676 A.2d 405 (1996). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Id. Because our examination of the record reveals that there was evidence before the trial court that the defendant's pension was vested, we will not reverse the trial court's finding that the pension was vested.

II

The defendant next complains that the trial court improperly failed to conduct a meaningful hearing on the plaintiff's motion for counsel fees to defend the appeal. The plaintiff was unable to be present at the hearing on the motion because, as part of her studies at the University of Connecticut, she was attending a university in Germany for a semester. The trial court found that she lacked funds to return to the United States for the hearing.[1]

The plaintiff did not file a new financial affidavit but relied on the affidavit she had submitted at the time of trial. Her mother, who held the plaintiff's power of attorney, testified that she was familiar with her daugh-

---

[1] The evidence showed that the plaintiff's father was paying for her education.

ter's finances and was depositing her alimony checks and paying her bills. She also testified that the plaintiff's financial position had not changed since the date of the affidavit used at trial. The trial court concluded that under the circumstances, the testimony of the plaintiff's mother and examination of the plaintiff's original financial affidavit were reasonable substitutes for the plaintiff's presence and a new affidavit. The defendant argues that the plaintiff's mother's testimony did not furnish a sufficient basis for the trial court's order.

It is axiomatic that parties to a marital action should not be deprived of their appellate rights because of lack of funds. *Febbroriello* v. *Febbroriello*, 21 Conn. App. 200, 204–205, 572 A.2d 1032 (1990). Whether to award counsel fees in a dissolution action is within the discretion of the trial court. *Tessitore* v. *Tessitore*, 31 Conn. App. 40, 44, 623 A.2d 496 (1993). There must be an adequate evidentiary basis, however, on which the trial court may exercise its discretion. *Castro* v. *Castro*, 31 Conn. App. 761, 769, 627 A.2d 452 (1993).

The defendant relies on *Castro* v. *Castro*, supra, 31 Conn. App. 770–71, and *Bartley* v. *Bartley*, 27 Conn. App. 195, 197, 604 A.2d 1343 (1992), for the principle that "[i]t is a fundamental tenet of due process of law as guaranteed by the fourteenth amendment to the United States constitution and article first, § 10, of the Connecticut constitution that persons whose property rights will be affected by a court's decision are entitled to be heard at a meaningful time and in a meaningful manner." (Internal quotation marks omitted.) *Bartley* v. *Bartley*, supra, 197–98. Those cases are distinguishable from the present case because in both *Castro* and *Bartley* the court modified or awarded counsel fees without any hearing whatsoever. Here, the trial court conducted a hearing and the gravamen of the defendant's claim is that the evidence the trial court received at that hearing was insufficient to support an award of counsel fees.

The defendant overlooks the fact that less than six months earlier, during the trial, the defendant had an opportunity to cross-examine the plaintiff concerning the financial affidavit that was being considered by the court at the supplemental hearing. "If an award of attorney's fees was sought in the underlying proceeding from which the appeal is being taken, the ruling on that earlier application may substantially control the result on the later application for attorney's fees on appeal." A. Rutkin, E. Effron & K. Hogan, 8 Connecticut Practice Series: Family Law and Practice (1991) § 44.12, p. 285.

We have previously held that where there has been a hearing on financial issues at the time of trial, the trial court may be deemed to have sufficient information to award counsel fees to defend an appeal. *Tessitore* v. *Tessitore*, supra, 31 Conn. App. 44. In *Tessitore*, we did not eliminate the necessity of a hearing, however, we recognized that the trial court, apprised of the financial situation after a full trial on the merits, could properly consider the trial evidence while exercising its discretion to award counsel fees. Id. In the present case, the judge who had presided at the trial did not preside at the hearing on counsel fees. The second judge, however, had the full trial record available to him. We conclude that there was sufficient evidence to justify the award of counsel fees to defend the appeal.

The defendant's final claim is that the hearing and subsequent order denied his constitutional right to cross-examine the plaintiff. We do not agree.

Cross-examination is a substantial right that should be liberally allowed. *Pickman* v. *Pickman*, 6 Conn. App. 271, 277–78, 505 A.2d 4 (1986). In order to be admissible, evidence from cross-examination, like all evidence, must be relevant. *Skrzypiec* v. *Noonan*, 228 Conn. 1, 21–22, 633 A.2d 716 (1993).

The defendant claims that he was entitled to cross-examine the plaintiff about why she was attending school in Germany instead of working. The trial court found that this line of questioning was not relevant to the issue of whether the plaintiff lacked funds to pay her counsel to represent her on appeal. In making its relevancy determination, the trial court had before it all of the plaintiff's financial information and a witness, the plaintiff's mother, who had personal knowledge of the lack of any changes in her economic position since the date of the plaintiff's last financial affidavit. Because the trial court has broad discretion in its relevancy determinations, we will not disturb the trial court's ruling in the absence of an abuse of discretion. Id. The defendant has not demonstrated that such an abuse occurred here. Furthermore, the defendant had full opportunity to cross-examine the plaintiff about that affidavit at trial, as well as to cross-examine her about her decision to return to school.

"[W]e are authorized to reverse or modify the decision of the trial court only if we determine that the factual findings are clearly erroneous in view of the evidence . . . in the whole record, or that its decision is otherwise erroneous in law." (Internal quotation marks omitted.) *Clement* v. *Clement*, 34 Conn. App. 641, 650, 643 A.2d 874 (1994). In the present case, we conclude that the trial court did not abuse its discretion in its relevancy ruling and that the defendant was not denied his right of cross-examination.

The judgment is affirmed.

In this opinion the other judges concurred.