[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: NOTION TO STRIKE
The defendants, Charles Szollosy and John Franchina, rented their attic to Evelyn Vasquez and her minor son, Miguel Rivera. Miguel Rivera had a history of setting fires. On November 15, 1994, a fire broke out in the defendants' attic. Anthony Taylor, a police officer employed by the plaintiff, City of Stamford, responded to the fire call. After entering the defendants' CT Page 5136 premises, in order to clear the occupants, Taylor suffered smoke inhalation and burns.
The plaintiff has paid, and will continue to pay, Taylor substantial sums of money as per the Connecticut Workers' Compensation Act, General Statutes § 31-275 et seq. The plaintiff filed this suit to recover these expenditures from the defendants. The defendants have filed a motion to strike the plaintiff's complaint.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "In ruling on a motion to strike, the court is limited to considering the grounds specified in the motion." Meredith v.Police Commissioner, 182 Conn. 138, 140, 438 A.2d 27 (1980).
The defendants move to strike the plaintiff's entire complaint for failure to state a legally cognizable cause of action in negligence, claiming that the plaintiff has failed to allege the element of causation. The plaintiff argues that the allegation of causation can be gleaned from the complaint, since it infers that the minor tenant, Miguel Rivera, started the fire. Therefore, the complaint gave the defendants sufficient notice of the element of causation to withstand the motion to strike. Alternatively, the plaintiff argues that this alleged defect should have been the subject of a request to revise, not a motion to strike.
"A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence." Catz v. Rubenstein, 201 Conn. 39, 44, 513 A.2d 98
(1986). "Whether a complaint furnishes [adequate notice of the facts claimed and the issues to be tried] is a fundamentally different question from whether it fails to state a cause of CT Page 5137 action because of the omission of an essential allegation, a deficiency that should be raised before trial." Tedesco v.Stamford, 215 Conn. 450, 459, 576 A.2d 1273 (1990), on remand,24 Conn. App. 377, 588 A.2d 656 (1991), rev'd on other grounds,222 Conn. 233, 610 A.2d 574 (1992).
The plaintiff has failed to allege a causal connection between the defendants' actions and the fire that allegedly injured Taylor. Although "[t]he court must construe the facts in the complaint most favorably to the plaintiff;" (Internal quotation marks omitted.) Waters v. Autuori, supra,236 Conn. 825; to infer causation from the plaintiff's complaint would prejudice the defendants at trial. See Cellu Tissue Corp. v.Blake Equipment Co., 41 Conn. App. 413, 418, 676 A.2d 405 (1996) ("[w]ant of precision in alleging the cause of an injury for which an action is brought, is waived by contesting the case upon its merits without questioning such defect) (Internal quotation marks omitted.). At best, the complaint alleges that the minor tenant had pyromaniacal tendencies, that he lived in the defendants' attic, and that the fire started in the attic. Complaint, ¶¶ 4, 3, 6. This is not a sufficient allegation of the essential element of causation.
Furthermore, this is not a matter for a request to revise. The defendants' motion to strike challenges the complaint's legal sufficiency, it does not seek a cosmetic change in the pleading. "Claims regarding the legal sufficiency of the allegations in the plaintiff's complaint are more properly raised in a motion to strike rather than a request to revise." Bestec, Inc. v. Batura,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533618 (July 16, 1994, Hennessey, J.) (9 C.S.C.R. 890).
The court need not reach the other reasons submitted by the defendants in favor of their motion to strike. The plaintiff's complaint is devoid of an allegation of the essential element of causation, and therefore fails to set forth a legally sufficient claim of negligence. The defendants' motion to strike the plaintiff's entire complaint is granted.
D'ANDREA, J.