DAVID S. LABOSSIERE *v.* CATHERINE A. JONES
(AC 29259)
(AC 29460)
(AC 29865)
(AC 30190)

Flynn, C. J., and Alvord and Peters, Js.

Argued May 18—officially released September 22, 2009

*Norma Pierce Arel,* for the appellant (plaintiff).

*Steven H. St. Clair,* with whom, on the brief, was *Claudia S. Weiss,* for the appellee (defendant).

*Opinion*

PETERS, J. A decision to award counsel fees in a marital dissolution dispute ordinarily is based on an appraisal of the respective financial ability of each party to pay his or her own fees. See General Statutes § 46b-62;[1] *Koizim* v. *Koizim*, 181 Conn. 492, 500–501, 435 A.2d 1030 (1980). Where, however, "a party has engaged in egregious litigation misconduct that has required the other party to expend significant amounts of money for attorney's fees, and where the court determines, in its discretion, that the misconduct has not been addressed adequately by other orders of the court, the court has discretion to award attorney's fees to compensate for the harm caused by that misconduct, irrespective of whether the other party has ample liquid assets and of whether the lack of such an award would undermine the court's other financial orders." *Ramin* v. *Ramin*, 281 Conn. 324, 357, 915 A.2d 790 (2007); see also General Statutes § 46b-87.[2] In this case, the trial court, because of a former husband's repeated alimony arrearages and his deliberate failure to comply with a documentary subpoena, found that he had wilfully failed to honor his alimony obligations to his former wife, held him in contempt and ordered him to pay her attorney's fees, both for the contempt proceeding and to defend against his subsequent appeals from that proceeding. We affirm the judgments of the trial court.

[1] General Statutes § 46b-62 provides in relevant part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ."

[2] General Statutes § 46b-87 provides in relevant part: "When any person is found in contempt of an order of the Superior Court entered under section 46b-60 to 46b-62, inclusive, 46b-81 to 46b-83, inclusive, or 46b-86, the court may award to the petitioner a reasonable attorney's fee and the fees of the officer serving the contempt citation, such sums to be paid by the person found in contempt, provided if any such person is found not to be in contempt of such order, the court may award a reasonable attorney's fee to such person. . . ."

On August 19, 1998, the court, *Hon. Michael P. Conway*, judge trial referee, in a judgment incorporating a contemporaneous written settlement agreement of the parties, dissolved the marriage between the plaintiff, David S. LaBossiere, and the defendant, Catherine A. Jones. The judgment obligated the plaintiff to pay the defendant weekly alimony of $400 until she died or remarried and, as additional alimony, required him to reimburse her for her dental and chiropractic expenses. In 2002, after the accrual of an alimony arrearage of $27,600 that the parties agreed to resolve by having the plaintiff remodel the defendant's residence, the trial court, *Dannehy, J.*, reduced the plaintiff's future alimony obligation to $300 a week.

The present litigation arises out of a motion for contempt filed by the defendant on March 7, 2007, in which she claimed an alimony arrearage of $2400. In support of her efforts to demonstrate that the plaintiff had the financial means to pay this arrearage, the defendant served two subpoenas duces tecum on the plaintiff, first on August 6, 2007, and again on August 15, 2007, ordering him to produce various documents listed in an attached schedule A. Because the plaintiff appeared at a rescheduled deposition, on August 22, 2007, without producing any of the listed documentation, the defendant filed a motion for counsel fees and sanctions. At a rescheduled deposition, on September 12, 2007, the only financial document tendered by the plaintiff was an affidavit stating that his income was "unknown."

After a short calendar hearing held by the trial court, *Riley, J.*, on September 17, 2007, to address the plaintiff's failure to produce the documents listed in schedule A, the parties entered into a written stipulation with respect to the defendant's motion for counsel fees and sanctions. The stipulation stated: "[The] [d]efendant's motion for counsel fees [and] sanctions shall be granted such that [the] plaintiff shall be precluded from offering

any evidence [or] exhibits other than those . . . produced at the depositions on [August 22, 2007] and [September 12, 2007] in accordance with schedule A of the re-notice of deposition dated [August 15, 2007] attached hereto, other than cancelled checks showing alimony payments to the defendant. The issues of counsel fees and costs may be addressed at the [September 19, 2007] hearing." The plaintiff has not challenged the enforceability of this stipulation.

Two days later, on September 19, 2007, the court conducted a hearing on the defendant's motion for contempt and for attorney's fees. Without disputing the amount of the alimony arrearage, the plaintiff testified that he was paying the alimony as best he could but that his business was down and he had financial obligations to others. He argued that, for these reasons, his failure to pay the alimony arrearage was not wilful. He also questioned the reasonableness of the amount of the attorney's fees sought by the defendant. The court was unpersuaded by the plaintiff's professed lack of knowledge about his own income, found that he had considerable assets and deplored "his failure to produce the documentation requested [by the defendant]." It ordered the plaintiff to pay the $5000 arrearage to which the parties had stipulated within thirty days or face incarceration. It also held him in contempt for his wilful failure to obey prior court orders and awarded the defendant $4825 in attorney's fees and costs. On October 9, 2007, the plaintiff filed his first appeal, AC 29259, to challenge the validity of this judgment. Other appeals have ensued.

Before we address the merits of the plaintiff's claims in his four appeals, we must observe that the plaintiff has significantly impaired our ability to undertake a comprehensive review of the trial court judgments that he asks us to reverse. The rules of practice impose on

the appellant the responsibility for providing an adequate record for review. See Practice Book § 64-1. The plaintiff has, however, failed to provide either memoranda of decision or signed transcripts to document *any* of the rulings with which he takes issue. Although the court file contains some unsigned transcripts that we may consult; see *In re Francisco R.*, 111 Conn. App. 529, 531, 959 A.2d 1079 (2008); the plaintiff bears the responsibility for any gaps in the record.

## I

The plaintiff's first appeal, AC 29259, challenges the September 19, 2007 judgment of the trial court on two grounds. He maintains that the court's finding that he had wilfully failed to pay the alimony arrearage of $5000 that he owed the defendant was erroneous because the court did not permit him fully to explain the financial circumstances that accounted for his delinquency. He also maintains that the court improperly awarded the defendant attorney's fees and costs in the amount of $4825 without conducting an evidentiary hearing. We are not persuaded by either argument.

## A

The plaintiff's principal contention is that the court improperly found that his failure to pay the alimony arrearage was wilful because, in his view, the court did not permit him fully to present evidence of his impoverished financial circumstances. Because the plaintiff does not deny that the underlying alimony order was sufficiently clear and unambiguous to support a judgment of contempt, we must "determine whether the trial court abused its discretion in issuing . . . a judgment of contempt, which includes a review of the trial court's determination of whether the violation was wilful or excused by a good faith dispute or misunderstanding." *In re Leah S.*, 284 Conn. 685, 694, 935 A.2d 1021 (2007).

The plaintiff's argument references the parties' stipulation, two days before the court hearing, that "[the] plaintiff shall be precluded from offering any evidence [or] exhibits other than those . . . produced at the depositions on [August 22, 2007] and [September 12, 2007] in accordance with schedule A of the re-notice of deposition dated [August 15, 2007] attached hereto, other than cancelled checks showing alimony payments to the defendant." According to the plaintiff, the parties intended this stipulation to govern only the defendant's right to recover attorney's fees and did not mean it to have any relevance to the defendant's claim that the plaintiff's arrearage in alimony payments was wilful.

The defendant argues, in response, that the court properly based its finding of wilfulness on the plaintiff's lack of candor with the court and on his abuse of the discovery process. The record bears this out. The court stated that its review of the court file had disclosed a history of wilful violations of court orders. The court expressed its incredulity at the plaintiff's statement, in his affidavit, that he had no knowledge of his present income. It expressly rejected his excuses for his failure to comply with the defendant's subpoenas.

There is, however, a more fundamental flaw in the plaintiff's argument. The record discloses that there was considerable argument at trial about the scope of the stipulation for schedule A preclusion. Indeed, the court sustained several of the defendant's objections to documentary evidence covered by schedule A that had not been produced at the deposition. As best we can tell, however, the plaintiff never alerted the court to his present claim that the schedule A stipulation was irrelevant to the court's inquiry into the wilfulness of his delay in making alimony payments.[3] The plaintiff

---

[3] Indeed, our examination of the transcript reveals that, on at least two occasions, exchanges between the plaintiff's attorney and the court make it clear that the plaintiff agreed that the stipulation was applicable to the hearing in its entirety. First, in a discussion about whether certain testimony

has not substantiated this claim of evidentiary error. See Practice Book § 67-4 (3). We note as well that, although the court, in accordance with the stipulation, excluded some evidence that the plaintiff would have liked to have presented, the court permitted the plaintiff to offer other significant evidence to show why, in his view, his failure to pay the alimony arrearage was not wilful.

On this state of the record, the plaintiff has failed to show that the trial court abused its discretion in applying the stipulation for schedule A preclusion to the contempt motion as well as to the motion for sanction and counsel fees.

B

The plaintiff's second claim in the first appeal is that the court improperly granted the defendant's motion for attorney's fees for $4825 without conducting a hearing on the matter. In response, the defendant observes that the award was proper because, at the September 19, 2007 hearing, the court addressed the subject of attorney's fees without objection from the plaintiff to this award. We agree with the defendant.

The parties had stipulated that the plaintiff's alimony arrearage was $5000 and that the issue of attorney's fees would be addressed at the September 19, 2007 hearing. Thereafter, at the hearing, the plaintiff testified that he was aware that the defendant was requesting attorney's fees and costs. The plaintiff did not request

was to be excluded, as the defendant maintained, the plaintiff's attorney stated: "But I think if you look at the order, it definitely specifies, in accordance with schedule A, the understanding was that these items on schedule A—*he couldn't produce anything else to try to back up why he hadn't paid.* This is simply cross-examination on what she's already asked him." (Emphasis added.) After the conclusion of the presentation of testimony, the plaintiff's attorney stated: "Most of the evidence is not admissible because of the schedule A situation, but it's clear that [the plaintiff] has had financial problems."

any further hearing, did not ask the court to undertake an inquiry into the comparative financial situation of the parties and raised no question about the calculation of the amount of fees claimed by the defendant.

"Our law for awarding attorney's fees in contempt proceedings is clear. General Statutes § 46b-87 provides that the court may award attorney's fees to the prevailing party in a contempt proceeding. The award of attorney's fees in contempt proceedings is within the discretion of the court. . . . In making its determination, the court is allowed to rely on its familiarity with the complexity of the legal issues involved. Indeed, it is expected that the court will bring its experience and legal expertise to the determination of the reasonableness of attorney's fees. . . . Moreover, because the award of attorney's fees pursuant to § 46b-87 is punitive, rather than compensatory, the court properly may consider the defendant's behavior as an additional factor in determining both the necessity of awarding attorney's fees and the proper amount of any award." (Citation omitted; internal quotation marks omitted.) *Gil* v. *Gil*, 110 Conn. App. 798, 806–807, 956 A.2d 593 (2008).

The plaintiff has failed to cite any legal authority for the proposition that he was entitled to a hearing on attorney's fees beyond the hearing that took place on September 19, 2007. In fact, as noted, the plaintiff did not seek the opportunity to present evidence in opposition to the defendant's request for attorney's fees. Even if we assume, without deciding, that a hearing is required on a party's motion for attorney's fees, the plaintiff has not presented any basis on which the hearing that *was* held should be deemed inadequate to meet such a requirement. We conclude, therefore, that the court did not abuse its discretion by awarding attorney's fees following the September 19, 2007 hearing.

In sum, we are not persuaded that the court improperly found the plaintiff in contempt for his failure to

pay the alimony arrearage that he concededly owed to the defendant. We are similarly unpersuaded that the court improperly awarded attorney's fees in the amount of $4825 to the defendant. In AC 29259, we therefore affirm the judgment rendered by the trial court on September 19, 2007.

## II

In response to the plaintiff's appeal from the September 19, 2007 judgment of the trial court, the defendant filed a motion for attorney's fees and costs to defend herself against the appeal. On November 26, 2007, after a hearing at which the court heard evidence about the financial circumstances of the parties, the court awarded the defendant attorney's fees of $7500.

The plaintiff's second appeal, AC 29460, challenges the validity of this award of attorney's fees on two grounds. He maintains that, in making this award, the court improperly (1) relied on the schedule A stipulation to exclude evidence that he proffered with respect to the parties' relative financial ability to pay their own fees and costs pursuant to General Statutes §§ 46b-62 and 46b-82 and (2) awarded attorney's fees to the defendant without conducting an evidentiary hearing to ascertain the parties' relative financial abilities to pay. We are not persuaded by either claim.

## A

At the hearing held on November 26, 2007, much of the testimony presented by the parties concerned two motions filed by the defendant that were distinct from her motion for attorney's fees. Those motions alleged that the plaintiff was again in contempt for failing to pay his periodic alimony obligations to the defendant. In the discussion of those motions, the court, over the objection of the plaintiff, referred to the parties' stipulation with respect to schedule A documents as precluding the plaintiff "from offering any evidence [or]

exhibits other than those items produced at the deposition on September 22 and September 12." Ultimately, the court postponed a decision on the merits of the contempt motions. Only then did the court consider the merits of the defendant's motion for attorney's fees. It never again mentioned the stipulation.

The plaintiff's complaint that the court improperly applied the schedule A stipulation in making its attorney's fees award founders on his failure to identify any such ruling by the court. The discussion he cites had nothing to do with attorney's fees. He has not called to our attention anything else in the November 26, 2007, transcript to sustain his claim. If the court indeed made the evidentiary ruling with which the plaintiff takes issue, the rules of practice imposed on him the burden of including in his brief or appendix a verbatim statement of his objection at trial and the ground on which the evidence was held to be admissible. See Practice Book § 67-4 (3). On the present state of the record, the plaintiff's claim warrants no further review. See *Sakon* v. *Glastonbury*, 111 Conn. App. 242, 258, 958 A.2d 801 (2008), cert. denied, 290 Conn. 916, 965 A.2d 554 (2009).

B

The plaintiff's alternate claim challenges the validity of the award of attorney's fees on the ground that the court did not conduct an evidentiary hearing to ascertain the parties' relative financial abilities to pay. As noted, we review an award of attorney's fees under the abuse of discretion standard of review. "This standard applies to the amount of fees awarded . . . and also to the trial court's determination of the factual predicate justifying the award. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited

to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 252–53, 828 A.2d 64 (2003).

In advancing his claim of impropriety in the award in this case, the plaintiff asserts that, "[i]n the case at hand, no hearing was held nor was any testimony given regarding attorney fees." The record does not bear this contention out. The court heard considerable testimony about the defendant's financial circumstances. This court has held that "[i]f an award of attorney's fees was sought in the underlying proceeding from which the appeal is being taken, the ruling on that earlier application may substantially control the result on the later application for attorney's fees on appeal." (Internal quotation marks omitted.) *Durkin* v. *Durkin*, 43 Conn. App. 659, 664, 685 A.2d 344 (1996). In other words, "where there has been a hearing on financial issues at the time of trial, the trial court may be deemed to have sufficient information to award counsel fees to defend an appeal." Id. Here, the court had adequate information on which to base its award of attorney's fees.

Furthermore, the court found that the plaintiff had a history of egregious litigation misconduct and based its award of attorney's fees on his behavior, in reliance, inter alia, on *Ramin* v. *Ramin*, supra, 281 Conn. 357.[4] The plaintiff has not challenged the court's finding in this regard and has not addressed its significance on appeal.

Because the record at trial does not support either of the reasons advanced by the plaintiff for setting aside the court's award of attorney's fees to the defendant,

[4] We note, additionally, that the plaintiff has not identified anything in the trial court record to show that he requested a further hearing on the amount of the fees sought by the defendant.

he cannot prevail in his second appeal. In AC 29460, we therefore affirm the judgment rendered by the court on November 26, 2007.

### III

During the pendency of the plaintiff's first two appeals, the defendant filed two additional motions for attorney's fees. On December 17, 2007, she filed a motion for attorney's fees and costs to defend herself against the plaintiff's second appeal. On January 11, 2008, she filed a motion for contempt alleging further wilful arrearages in the plaintiff's weekly alimony obligations. After hearings held on February 19 and 21, 2008, and further briefing, the court rendered a judgment on March 28, 2008, ordering the plaintiff to pay the defendant $500 for attorney's fees with respect to her contempt motion and $3000 for attorney's fees for her defense of the plaintiff's second appeal. The plaintiff's third appeal, AC 29865, challenges the validity of this judgment.[5]

The plaintiff's appeal raises two issues. The plaintiff claims that the court improperly (1) failed to credit evidence of lack of wilfulness in finding that he had wilfully failed to make timely alimony payments and (2) acted without evidence of each parties' relative ability to pay his or her own fees in finding that the defendant was entitled to counsel fees. We are not persuaded by either claim.

### A

The court based its judgment holding the plaintiff in contempt for wilfully failing to pay alimony on a timely basis on current financial affidavits from both parties, on copies of the plaintiff's cancelled alimony checks, on postmarks on several related envelopes and on the

---

[5] This court granted the plaintiff's motion to consolidate his first three appeals.

plaintiff's history of delay in making alimony payments. It awarded the defendant $500 in attorney's fees.

The plaintiff asserts, on appeal, that the court's award was improper because the court did not sufficiently credit his testimony, and that of his secretary, that it was the secretary who was responsible for a delay in mailing two alimony payments to the defendant. The plaintiff maintains that this testimony definitively established that his delinquency was not wilful and that he, therefore, should not have been held in contempt.[6]

It is undisputed that a judgment of civil contempt is improper if "the contemnor, through no fault of his own, was unable to obey the court's order." (Internal quotation marks omitted.) *In re Leah S.*, supra, 284 Conn. 692. Accordingly, "a court may not find a person in contempt without considering the circumstances surrounding the violation to determine whether such violation was wilful." *Wilson* v. *Wilson*, 38 Conn. App. 263, 275–76, 661 A.2d 621 (1995). It is, however, equally undisputed that, if a finding of wilful misconduct is based on a court's determination of the credibility of relevant testimony at trial, we will overturn it only if the record demonstrates a manifest abuse of discretion. "[T]he trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony and, therefore, is free to accept or reject, in whole or in part, the testimony offered by either party." (Internal quotation marks omitted.) *DiVito* v. *DiVito*, 77 Conn. App. 124, 138, 822 A.2d 294, cert. denied, 264 Conn. 921, 828 A.2d 617 (2003).

---

[6] Although the plaintiff objected at trial that, in deciding whether his recent delays in paying alimony were wilful, the court should not consider evidence of prior delays in his fulfillment of his alimony obligations to the defendant, his appellate brief alludes to this claim without citation of relevant authorities. The claim is therefore deemed to have been abandoned. *Grimm* v. *Grimm*, 276 Conn. 377, 393, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1148, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006).

We are unpersuaded by the plaintiff's argument that the court abused its discretion in declining to attach definitive weight to the testimony of the plaintiff's secretary that she was responsible for mailing alimony checks to the defendant and that, only on two occasions, she had inadvertently failed to do so. The plaintiff might have asked the court to explain its reasoning by filing a motion for articulation pursuant to Practice Book § 66-5. "[W]e will, in the absence of a motion for articulation, assume that the trial court acted properly." (Internal quotation marks omitted.) *Berglass* v. *Berglass*, 71 Conn. App. 771, 789, 804 A.2d 889 (2002).

We therefore affirm the court's award of $500 to the plaintiff for attorney's fees with respect to her contempt motion.

B

The plaintiff also challenges the court's award of counsel fees of $3000 to defend the second appeal without holding a hearing or taking testimony or other evidence regarding attorney's fees, pursuant to §§ 46b-62 and 46b-82.[7] Our standard for review of the court's award is whether the court abused its discretion. *Utz* v. *Utz*, 112 Conn. App. 631, 641, 963 A.2d 1049, cert. denied, 291 Conn. 908, 969 A.2d 173 (2009). We are persuaded that the court did not abuse its discretion.

At the end of the hearing that began on February 19, 2008, and was continued on February 21, 2008, the court discussed the pending award of attorney's fees. The defendant had submitted an affidavit of attorney's fees

[7] Although the plaintiff does not make clear whether, in addition to challenging the merits of the award of attorney's fees, he also challenges the amount of attorney's fees awarded, we note that, at the hearing on February 21, 2008, the court made the parties aware that it could not rely on the affidavit of fees to make its award unless the parties agreed to the affidavit or did not object to it. The defendant submitted an affidavit of attorney's fees on February 21, 2008, and the record reveals no objection by the plaintiff, nor any request for a hearing on the amount of attorney's fees.

on the latter day. The court informed the parties that "with regard to affidavit of counsel fees, this needs to either be agreed upon as to amount, or somebody would need to produce evidence—as to the basis for the attorney's fees. The court can't accept an affidavit by case law, unless it's an affidavit that's agreed upon . . . or not objected to." The court expressly noted that it was taking under advisement both the award of fees for the contempt and the award of the fees for the second appeal.

The plaintiff's appeal brief notes that, at the February 21, 2008 hearing, the court did not hear testimony or receive other evidence regarding attorney's fees, but it does not address the significance of the court's statement that it could accept an affidavit "unless objected to." The plaintiff has not called to our attention any request on his part for a further hearing on this subject or any objection that he raised against the affidavit of fees submitted by the defendant on the date of the hearing.

In *Lambert* v. *Donahue*, 78 Conn. App. 493, 827 A.2d 729 (2003), this court refused to consider the appeal of the plaintiff because, although the trial court ordered the plaintiff to pay attorney's fees, "the record [did] not reveal the court's reasoning, specifically, whether or to what extent it considered the [statutory] criteria . . . ." Id., 509. The record in the present case is similarly deficient.

The plaintiff concedes that it is his burden to establish that the court's award of counsel fees was an abuse of discretion. On the record before us, the plaintiff has not made the requisite showing. In AC 29259, we affirm the judgment rendered by the court on March 28, 2008.

IV

On June 6, 2008, while the plaintiff's earlier appeals were pending, the defendant filed a motion for counsel

fees to defend herself against the plaintiff's third appeal. In a judgment rendered after a hearing held on July 21, 2008, the court granted the defendant's motion and awarded her counsel fees of $3000. The plaintiff's fourth appeal, AC 30190, challenges the validity of that judgment.

At a hearing held on July 21, 2008, the court heard argument on two motions. The first was the defendant's motion for a protective order to limit the scope of a notice of deposition that had been filed by the plaintiff. The second was the defendant's motion for attorney's fees. The court denied the defendant's motion for a protective order but imposed certain substantive and temporal constraints on the scope of the inquiry that it permitted the plaintiff to pursue.[8] Neither party has raised any issue with respect to the court's ruling.

The court then granted the defendant's motion for attorney's fees of $3000. It did so in reliance on financial affidavits previously filed by the parties because neither of them had complied with the requirements in the rules of practice and the court's standing orders that such affidavits be filed ten days before a hearing. The court also held that "we'll deal with the issue of substantiation of the attorney's fees by hour—an hourly fee at a later date insofar as it deals with the $3000." There is nothing in the record to indicate that any such further inquiry was ever pursued by the plaintiff.

The plaintiff's principal claim on appeal is that the court abused its discretion in denying his request that the deposition go forward before the court made a further fee award to the defendant. The court declined this request because "the premise of the deposition is to go back and search out other information and financial

---

[8] The plaintiff was allowed to ask the defendant questions about her purchase, transfer or sale of real property since August 19, 1998, and about money transfers of more than $10,000 to her children within the last seven years.

information" while "the appeal is dealing with different issues." It was reasonable for the court not to await a broad inquiry into the defendant's financial history before deciding whether the defendant presently needed financial assistance to defend herself against the plaintiff's pending appeal.[9] We know of no authority to the contrary, and the plaintiff has cited none.

The plaintiff also contends that the court abused its discretion by refusing to accept a financial affidavit that he tendered on the day of the hearing. Without contesting the fact that his filing was late, the plaintiff argues that the court discriminated against him because it accepted a late filed affidavit from the defendant. In fact, however, the defendant acquiesced in the court's reliance on the affidavit she had previously filed. The record, therefore, does not substantiate this claim.[10]

The plaintiff further argues that the court abused its discretion by awarding attorney's fees to the defendant without a proper evidentiary foundation either with respect to the comparative financial resources of the parties or with respect to the calculation of the amount of the fees. He has failed, however, to indicate when, if ever, he availed himself of the opportunity provided by the court to require the defendant to make the showings that he now claims to have been required.

The judgments are affirmed.

In this opinion the other judges concurred.

---

[9] Indeed, the breadth of the information sought in the plaintiff's notice of deposition underscores that the court's refusal to defer the hearing on attorney's fees was reasonable.

[10] The defendant's counsel stated: "It's virtually the same as the last one. She has more debt now, Your Honor. That's the only difference."