## DARLENE L. HOPSON *v.* DEREK S. HOPSON
### (AC 33438)

Beach, Sheldon and Flynn, Js.

---

Argued February 6—officially released May 22, 2012

*Pamela M. Magnano*, with whom, on the brief, was *Sandi B. Girolamo*, for the appellant (defendant).

*Darlene L. Hopson*, pro se, the appellee (plaintiff).

*Opinion*

BEACH, J. The defendant, Derek S. Hopson, appeals from the judgment of the trial court ordering him to reimburse his former wife, the plaintiff, Darlene L. Hopson, for one half of their son's college expenses pursuant to their separation agreement, denying his motion for a credit toward these expenses in the amount of child support payments he made after the son entered college and denying his request for attorney's fees. On appeal, the defendant claims that the court erred in making these determinations. We affirm the judgment of the trial court.

The following facts, as found by the court, and procedural history are relevant to this appeal. The parties married in 1985 and divorced in 2001. They had two children together during the marriage. The court incorporated the parties' 2001 separation agreement into its dissolution judgment. The agreement provided, under article III entitled "SUPPORT OF THE MINOR CHILDREN," that the defendant was to pay weekly child support to the plaintiff and that the parties were to split the cost of the children's private school tuition and all school activities. The agreement further provided, under article XI entitled "POST MAJORITY ORDERS": "The [p]laintiff and [d]efendant agree to set aside a joint college fund for the benefit of the two minor children. The parties further specifically obligate themselves to pay at least one-half of the tuition and room and board at a rate that would be required at a state college or university as of the date of when each of the two minor children are of sufficient age to enter such educational

program." The parties' youngest child (son) matriculated at Hampton University (university), located in Virginia, in September, 2008, shortly before his sixteenth birthday, and reached the age of eighteen in September, 2010. The court found that the parties did not communicate with each other and their son did not communicate with the defendant. During the son's first year at the university, the plaintiff, who had temporarily moved to Virginia, served on the university's faculty, and thus the son received a tuition credit.

The plaintiff filed a motion for contempt claiming that the defendant had breached article XI by failing to make payments toward their son's college expenses. The defendant filed a motion for an order declaring that his child support obligation had terminated when their son graduated from high school. Alternatively, the defendant requested that the child support payments that he made after the son's high school graduation be applied retroactively as a credit toward any liability the defendant may have for the son's college expenses. The defendant also requested reasonable attorney's fees in connection with the bringing of his motion for order and sanctions against the plaintiff for her failure to notify him of their son's high school graduation date.

On April 14, 2011, the court denied the plaintiff's motion for contempt for failure to contribute to the son's college expenses because the court found that the defendant did not know that the son was attending college "until quite recently." The court further found that the parties did not establish a college fund for their children pursuant to article XI of their agreement. The court found the "defendant liable for one half [of] his son's college expenses, including tuition, room and board, after deductions for financial aid, but not loans, up to the cost of a [University of Connecticut] education during the applicable period, including credit to [the] plaintiff for the tuition that was reimbursed." The court

also ordered the plaintiff to take all necessary steps in order to allow the university to provide the defendant with an official itemized bill outlining their son's college expenses, so that the appropriate amount of reimbursement could be calculated. The court denied the defendant's motion for an order awarding him credit toward unpaid college expenses in the amount of the child support payments he had made after the son began college and his request for attorney's fees. In response to the defendant's motion for articulation, the court found that "all orders entered are subject to [the] defendant receiving credit for the $2288.66 he already paid." This appeal followed.

I

The defendant first claims that the court erred in ordering him to reimburse the plaintiff for one half of their son's first year tuition, including any amount that was credited by the university because of her employment at the university.[1] He argues that, because there were no actual costs incurred by the plaintiff,[2] she would be unjustly enriched by his reimbursement to her. We disagree.

We first set forth the applicable standard of review. "An agreement between divorced parties regarding the postsecondary education of their children that is incorporated into a dissolution decree should be regarded as a contract. . . . In interpreting contract items, we have repeatedly stated that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning

[1] The court also ordered the defendant to pay one half of the college expenses other than tuition.

[2] It is not entirely clear from the record before us whether the university reimbursed or credited the entire amount of tuition for the first year. Because the actual figures are to be computed later, the present uncertainty is immaterial.

and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply because lawyers or laymen contend for different meanings." (Citation omitted; internal quotation marks omitted.) *Bonhotel* v. *Bonhotel*, 64 Conn. App. 561, 566, 781 A.2d 318, cert. denied, 258 Conn. 918, 782 A.2d 1241 (2001).

The defendant argues that nothing in his agreement with the plaintiff "provides that either party will reimburse the other party for any credits he/she receives as a result of employment and/or any other reason" and that the court's order erroneously changes the unambiguous terms of the agreement. The agreement provides in article XI that "[t]he parties . . . specifically obligate themselves to pay at least one-half of the tuition and room and board at a rate that would be required at a state college or university as of the date of when each of the two minor children are of sufficient age to enter such educational program." Nothing in these terms precludes the plaintiff from receiving a reimbursement from the defendant for one half of the son's first year tuition, where the tuition has been satisfied by the plaintiff's efforts. The express language of the agreement clearly states the obligation, and the defendant cannot now successfully claim such an exception. See *Bonhotel* v. *Bonhotel*, supra, 64 Conn. App. 566–68 (holding that, pursuant to stipulation that father would pay "fully the room and board of any private schools or undergraduate colleges the parties' children choose to attend," father obligated to pay for child's off campus housing and noting that father could have included limitation in agreement); *Legg* v. *Legg*, 44 Conn. App. 303, 307, 688 A.2d 1354 (1997) (holding that, pursuant to stipulation

by mother and father that father must pay one half of cost of room and board of their child while child attended college, father obligated to pay one half this cost while child lived at home with mother and noting that father could have included stipulation to contrary). The court specifically found that the university's tuition credit was a benefit of the plaintiff's employment[3] and that the defendant should reimburse the plaintiff for one half of the tuition, even though it was subject to the credit provided by the university. In light of the language of the agreement and the testimony of the parties, we do not conclude that the court made an unreasonable determination in this regard.

Additionally, the defendant argues that ordering him to reimburse the plaintiff for one half of their son's first year tuition would result in unjust enrichment, and thus, as a matter of equity, the court erred. Specifically, the defendant argues that, because the plaintiff did not notify the defendant that their son was beginning college, she would be unjustly enriched by his reimbursement to her of one half of the first year tuition. The balancing of equities is a matter that falls within the discretion of the trial court. *Kakalik* v. *Bernardo*, 184 Conn. 386, 395, 439 A.2d 1016 (1981). The court concluded that serious communication issues existed between the parties and that these issues were not the fault of either party. The court weighed and balanced the equities, and we do not conclude that its determination was an abuse of discretion.

## II

The defendant next argues that the court erred in concluding that he is not entitled to receive a credit

---

[3] The plaintiff suggested that she may have accepted less salary in return for the tuition benefit. The court made no finding in that regard. It is indisputable, however, that the plaintiff did move to Virginia for the purpose of looking after her son, who was young for a college student, and that she was able to secure employment at the university.

toward the son's college expenses for child support payments he made after the son entered college. Specifically, the defendant argues that because of the failure of the plaintiff to notify him of the change in circumstances, he was never given an opportunity to seek a modification to his child support obligation when the son enrolled in college.[4] We disagree.

As set forth in part I of this opinion, contract interpretation is subject to plenary review by this court, and a separation agreement that is incorporated into a dissolution judgment is regarded as a contract. See *Bonhotel* v. *Bonhotel*, supra, 64 Conn. App. 566.

The court correctly determined that the agreement provides for both child support and college expenses. Article III governs support of the minor children and requires weekly child support payments by the defendant to the plaintiff and also includes an agreement between the parties "that they will split the cost of the children's private school tuition and all school activities." Article XI explicitly provides that "[t]he [p]laintiff and [the] [d]efendant recognize the importance of their children experiencing a four-year college education program" and obligates the parties to split the cost of tuition and room and board up to the cost of a University of Connecticut education. Pursuant to the agreement, child support and college expenses are separate obligations.

The defendant advances the equitable argument that he was prejudiced by the court's conclusion in light of his inability to file a motion to modify child support when the son began college because he did not know that the son had enrolled in college. We ordinarily review decisions grounded in equity under the abuse of discretion standard. See *Kakalik* v. *Bernardo*, supra,

---

[4] The defendant did not argue on appeal that the son is not entitled to any payments for college expenses under article XI of the agreement.

184 Conn. 395. Child support and college expenses are distinct obligations under the agreement, and the court correctly cited General Statutes § 46b-215 (a) (1) as providing for support orders for "a child under the age of eighteen." The court did not abuse its discretion in balancing the equities. In its memorandum of decision, the court quoted the following language from *Sansonenko* v. *Sansonenko*, Superior Court, judicial district of Tolland, Docket No. FA-01-0075249-S (August 26, 2010): " '[I]t is illogical to think that child support ends when college begins.' " The court then stated: "The fact that [the] defendant's son is in college does not mean that he is fully supported through tuition, room and board and the court denies [the] defendant's request that his child support payments be credited toward his unpaid obligation to pay a portion of his son's college expenses." As the court pointed out, its determination did not increase the defendant's obligation under the agreement and a ruling in his favor would have relieved him of the obligation to pay two years of child support, thus causing the son's academic advancement to result in a windfall to the defendant. Although the temporal combination of payments may have resulted in temporarily greater payments for the defendant, the total long-term payments are those contemplated by the agreement. Accordingly, we conclude that the court did not abuse its discretion.[5]

## III

The defendant finally claims that the court erred in declining to award him attorney's fees because the court failed to consider the "egregious conduct" of the plaintiff in failing to communicate with him about their son's enrollment in college and failing to provide him with

[5] The defendant relies by analogy on various Superior Court cases, which are not binding on this court, in support of his position. We have carefully reviewed these decisions and conclude that they are either distinguishable or not persuasive.

official documentation of their son's college expenses. We disagree.

It is within the discretion of the court to award, irrespective of financial ability, attorney's fees when a party has engaged in egregious misconduct during litigation. *LaBossiere* v. *Jones,* 117 Conn. App. 211, 213, 979 A.2d 522 (2009). The defendant argues that the "egregious actions by the [p]laintiff prevented the [d]efendant from seeking relief from [the] [c]ourt from his child support obligation, from making timely payments on his son's behalf and left him with no choice but to retain counsel to defend the [p]laintiff's claims of contempt." The defendant claims that the present litigation could have been avoided had the plaintiff communicated with him. The court concluded, however, that serious communication issues existed between the parties and did not find fault on the part of either party. Further, in light of our previous conclusions, particularly that the court did not err in denying the defendant's motion for an order awarding him a credit for his child support payments toward the son's college expenses, we do not conclude that the court abused its discretion in denying the defendant's request for attorney's fees in connection with bringing his motion for order.

The judgment is affirmed.

In this opinion the other judges concurred.