IN RE JUVENILE APPEAL (83-AB)*
(No. 10540)
(No. 10663)
(No. 10676)
(Nos. 10753, 10795)
(No. 11452)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued November 30, 1982—decision released January 18, 1983

---

\* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 3161, the names of the parties involved in this appeal are not disclosed and the records and briefs will not be distributed to the various libraries of the state. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Supreme Court.

*Jeffrey D. Askew,* for the appellant (10540).

*Andrew Chulick,* for the appellant (10663).

*Daniel F. Schopick,* for the minor children (10663).

*Edward Czaczkes,* for the appellant (10676).

*Edward N. Lerner,* for the appellant (10753, 10795).

*Daniel H. Kennedy, Jr.,* for the minor children (10753, 10795).

*Milo J. Altschuler,* for the appellant (11452).

*Maurice Myrun,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (commissioner, department of children and youth services in all cases).

PER CURIAM. Each of these appeals is from a judgment terminating parental rights pursuant to General Statutes § 17-43a. In each of docket numbers 10540, 10676 and 10753/10795, the judgment of the court contains no indication of the standard of proof applied by the trial judge in arriving at a decision;[1] we assume, therefore, that the trial court applied the civil standard of a fair preponderance of the evidence. *Anonymous* v.

[1] In docket number 10540, no memorandum of decision is contained in the file.

In docket number 10753/10795, the case was referred to a state referee, *Hon. Thomas D. Gill,* who found the allegations of neglect to be proven by clear and convincing evidence, and recommended that parental rights be terminated. The trial court heard additional testimony before rendering a judgment. Its memorandum of decision accompanying that judgment does not indicate either whether the initial evidence taken alone would have supported the judgment or what standard the trial court used in weighing the additional testimony.

*Norton,* 168 Conn. 421, 424, 362 A.2d 532, cert. denied, 423 U.S. 935, 96 S. Ct. 294, 46 L. Ed. 2d 268 (1975); see *In re Appeal of Bailey,* 158 Conn. 439, 443, 262 A.2d 177 (1969). In docket numbers 10663 and 11452, the trial court specifically applied the preponderance of the evidence standard of proof. Practice Book § 1049. By order of this court, all of these appeals were heard on the sole question of whether the cases should be reversed and remanded. for a new trial in light of the holding of the United States Supreme Court in *Santosky* v. *Kramer,* 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982).

In *Santosky* v. *Kramer,* supra, the United States Supreme Court held that due process requires the state to prove the allegations in a petition to terminate parental rights by clear and convincing evidence before those rights could be terminated. In light of that decision, there is error in each of these cases, and a new trial[2] is required in which the clear and convincing evidence standard of proof is applied.

There is error, the judgments are set aside, and new trials are ordered.

---

[2] "Since the litigants and the factfinder must know at the outset of a given proceeding how the risk of error will be allocated, the standard of proof necessarily must be calibrated in advance. Retrospective case-by-case review cannot preserve fundamental fairness when a class of proceedings is governed by a constitutionally defective evidentiary standard." *Santosky* v. *Kramer,* 455 U.S. 745, 757, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982).