ANNA TESSITORE *v.* EMANUELE MARIO TESSITORE
(10033)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued October 5, 1992—decision released April 8, 1993

*William F. Gallagher,* with whom, on the brief, were *Cynthia C. Bott* and *Giacinto G. Costa,* for the appellant (defendant).

*Gary I. Cohen,* with whom was *Lee Marlow,* for the appellee (plaintiff).

O'CONNELL, J. This appeal arises from a marriage dissolution action in which the trial court found that the defendant's transfer by quitclaim deed to his parents of a two-thirds interest in the parties' residence constituted a fraudulent conveyance in violation of General Statutes (Rev. to 1991) § 52-552.[1] The defendant[2] appeals from the judgment of the trial court, *Ram-*

---

[1] General Statutes (Rev. to 1991) § 52-552, which was in effect at all times relevant to this appeal, provided: "All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs."

This section was repealed by Public Acts 1991, No. 91-297, § 13. See the Uniform Fraudulent Transfer Act, Public Acts 1991, No. 91-297, §§ 1 through 12.

[2] Emanuele Tessitore originally was the sole defendant. His parents, Giuseppe and Carmine Tessitore, however, were later impleaded by the plaintiff as third party defendants. For simplicity, we refer to Emanuele Tessitore as the defendant.

*say, J.,* claiming that (1) the trial court applied the wrong standard of proof in determining the fraudulent conveyance issue and (2) the evidence was insufficient to support a finding of a fraudulent conveyance. The defendant later amended the appeal to claim further that the trial court, *DeMayo, J.,* improperly awarded the plaintiff $2500 in counsel fees to defend the appeal. Following postdissolution proceedings, the defendant filed a second amendment to his appeal claiming that Judge DeMayo improperly (1) ordered the defendant to make an accounting and (2) modified the dissolution decree to include a motor vehicle allowance without a substantial change in circumstances. We affirm in part and reverse in part.

I

The defendant first claims that the trial court applied the wrong standard of proof in concluding that his transfer by quitclaim deed to his parents of a two-thirds interest in the parties' residence constituted a fraudulent conveyance. A party who seeks to set aside a conveyance as fraudulent bears the burden of proving that the conveyance was made without substantial consideration and that, as a result, the transferor was unable to meet his obligations (constructive fraud) or that the conveyance was made with fraudulent intent in which the transferee participated (actual fraud). *Tyers* v. *Coma,* 214 Conn. 8, 11, 570 A.2d 186 (1990). If the fraudulent conveyance claim is joined with a marriage dissolution action, as in the present case, the court is not concerned with whether the transfer renders the transferor insolvent or unable to meet his or her obligations. In such a situation, the issue is whether the conveyance removed property from the marital estate that would otherwise have been subject to claims of equitable distribution. *Gaudio* v. *Gaudio,* 23 Conn. App. 287, 308, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990). The standard of proof of a fraudu-

lent conveyance is the same on allegations of actual or constructive fraud and, in view of our disposition of this appeal, it is unnecessary for us to analyze the facts to determine which type of fraud, if any, was involved here.

A fraudulent conveyance must be proven by clear and convincing evidence; id., 307; and whether the trial court has applied a lesser standard of proof is reviewable on appeal. *Kovarco* v. *T.J.E., Inc.,* 2 Conn. App. 294, 297, 478 A.2d 257 (1984). In the present case, the trial court's corrected memorandum of decision fails to state the standard of proof that it used.[3] Under such circumstances, we assume that the usual civil preponderance of the evidence standard was used. Id.

Despite the failure of the trial court to refer explicitly to the standard of proof, we need not reverse the decision if the memorandum implies that the court applied the proper standard. *Patrocinio* v. *Yalanis,* 4 Conn. App. 33, 36, 492 A.2d 215 (1985). Here, the plaintiff attempts to find an implication of the correct standard in an analysis of the dictionary definition of the word obvious.[4] This disingenuous argument is not persuasive. Accordingly, because we are not satisfied that the more exacting, clear and convincing standard was used, we reverse the trial court's finding and order a new trial.

---

[3] There were two memoranda of decision. The first was issued on January 17, 1991. On January 25, 1991, the plaintiff filed a motion to open and vacate the judgment primarily on the grounds that the court had mistakenly held that the defendant's parents were not parties to the action. The defendant filed a motion to correct the judgment. On February 15, 1991, the court issued a corrected memorandum of decision recognizing that the defendant's parents had been made parties to the action on August 3, 1988.

[4] The trial court used the word obvious in its corrected memorandum as follows: "Secretly, [the defendant] executed a quitclaim deed of two thirds of the property to his parents . . . . It was not recorded until after the plaintiff filed suit for divorce against the defendant, an obvious effort to deprive the plaintiff of any interest in the property." (Emphasis added.)

In view of our disposition of the first issue, we do not reach the sufficiency of the evidence claim.

## II

The defendant next claims that the trial court improperly awarded the plaintiff $2500 in counsel fees to defend the appeal. After the defendant's appeal was filed, the plaintiff moved for an allowance to defend the appeal and was awarded $2500. The defendant amended his appeal to contest this award. Chief among the defendant's arguments is that the record is devoid of consideration by the court of the statutory criteria for making this award. We do not agree.

The order for counsel fees was entered after a full trial on the merits in which financial affidavits and the required health form were filed. The court had before it the ages, employment information, sources of income and assets of the parties. The trial court has broad discretion in determining whether to award attorney's fees in a dissolution action. *Passamano* v. *Passamano*, 28 Conn. App. 854, 860, 612 A.2d 141, cert. granted, 224 Conn. 904, 615 A.2d 1047 (1992); *Graham* v. *Graham*, 25 Conn. App. 41, 50, 592 A.2d 424 (1991). It was not an abuse of discretion for the trial court to award the plaintiff $2500 to defend this appeal.

## III

While the appeal as first amended was pending, the trial court, *DeMayo, J.*, granted the plaintiff's motion for an accounting of the income from certain rental properties that were awarded to the defendant, and later granted her motion to modify alimony and support, ordering the defendant to pay a $100 weekly motor vehicle allowance. The defendant amended his appeal a second time seeking review of these orders.

## A

The first claim in the second amendment concerns the order for an accounting. In his brief, the defendant argued that the trial court lacked jurisdiction to order an accounting on the ground that General Statutes §§ 52-401 through 52-405 provide the exclusive procedure for obtaining an accounting. At oral argument, however, the defendant reluctantly conceded that the extremely broad equitable powers of the trial court in dissolution matters probably included jurisdiction to require an accounting here. The defendant then adopted the position that the order was an abuse of discretion. He reasoned that if the plaintiff were to prevail on the defendant's challenge to the trial court's judgment, the accounting would have been unnecessary because her interest in the property would have been lost from the date of the decree of dissolution.

In view of our disposition of the defendant's appeal, the plaintiff will remain a cotenant until a retrial has been completed. We have frequently noted that "[t]he power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage." (Internal quotation marks omitted.) *Sands* v. *Sands,* 188 Conn. 98, 105, 448 A.2d 822 (1982), cert. denied, 459 U.S. 1148, 103 S. Ct. 792, 74 L. Ed. 2d 997 (1983). In the present case, the trial court properly employed its equitable powers to protect the plaintiff's interest in the property during the appeal.

## B

The defendant next claims that the trial court improperly granted the plaintiff's motion to modify the alimony and support decree to include a weekly motor vehicle allowance because there had been no showing of a substantial change in circumstances. General Stat-

utes § 46b-86 provides that a final order for alimony or support may be modified by the trial court "upon a showing of a substantial change in the circumstances of either party . . . ." The party seeking a modification bears the burden of demonstrating that such a change exists. *Emerick* v. *Emerick,* 28 Conn. App. 794, 802, 613 A.2d 1351, cert. denied, 224 Conn. 915, 617 A.2d 171 (1992).

Prior to the dissolution, the defendant had been paying a $100 per week pendente lite motor vehicle allowance. This order terminated with the dissolution decree awarding the plaintiff the defendant's 1985 Chevrolet. See *Febbroriello* v. *Febbroriello,* 21 Conn. App. 200, 206, 572 A.2d 1032 (1990) (pendente lite orders cease once a final judgment has been rendered). The practical result of the dissolution decree was to substitute the vehicle for the pendente lite weekly automobile allowance. The appeal stayed the transfer of the vehicle.[5] The effect of the appeal, therefore, was to deprive the plaintiff of transportation. We conclude that this constituted a substantial change in circumstances. The trial court properly granted the plaintiff's motion to modify alimony and support to include a $100 weekly motor vehicle allowance.

The judgment is reversed as to the financial orders and the division of property and the case is remanded for a new trial. The postjudgment orders are affirmed.

In this opinion the other judges concurred.

---

[5] Practice Book § 4046 provides in pertinent part: "In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . . This section shall not apply to . . . periodic alimony and support orders . . . ."