## BERNADETTA KACZYNSKI *v.* DARIUSZ KACZYNSKI
### (SC 18235)

Rogers, C. J., and Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued September 8—officially released November 10, 2009

*Richard C. Stewart,* for the appellant (plaintiff).

*William F. Gallagher,* with whom, on the brief, was *Jacqueline F. Barbara,* for the appellee (defendant).

*Opinion*

ROGERS, C. J. Our resolution of this appeal makes clear that when a trial court opinion is silent as to the standard of proof applied, an appellate court is not the proper forum to first raise a claim that the trial court

applied the wrong standard when that claim could have been raised in, and more fairly remedied by, a motion for articulation or reargument. The plaintiff, Bernadetta Kaczynski, appeals following our grant of certification[1] from the judgment of the Appellate Court reversing the trial court's judgment dissolving her marriage to the defendant, Dariusz Kaczynski. See *Kaczynski* v. *Kaczynski*, 109 Conn. App. 381, 394, 951 A.2d 690 (2008). She claims that the Appellate Court improperly reversed the trial court's judgment because the trial court failed to indicate, either explicitly or implicitly, that it was applying the clear and convincing standard of proof when making findings of fraud. We agree and reverse the judgment of the Appellate Court.

The following undisputed facts and procedural history are relevant. The plaintiff and the defendant were married in 1993. In 2006, the plaintiff filed an amended complaint seeking dissolution of the marriage and alleging that the defendant had engaged in fraudulent transfers of marital property to members of his family. She requested that the court either set aside those transfers or, alternatively, take them into consideration when making an equitable distribution of the parties' assets. See *Greco* v. *Greco*, 275 Conn. 348, 358, 880 A.2d 872 (2005); *Watson* v. *Watson*, 221 Conn. 698, 708–709, 607 A.2d 383 (1992).

The trial court rendered judgment dissolving the parties' marriage. It further found that the defendant, in complicity with his two sisters, had taken financial advantage of the plaintiff by manipulating his assets to

---

[1] We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly reverse the trial court's decision based on its failure to enunciate specifically that it was applying 'clear and convincing evidence' as the standard of proof?" *Kaczynski* v. *Kaczynski*, 289 Conn. 929, 958 A.2d 158 (2008).

reduce his estate available for distribution.[2] Accordingly, when making its financial orders, the trial court took into account the value of certain assets that the defendant had transferred to his sisters and his niece.

The defendant thereafter filed a motion to reargue in which he contested the trial court's financial orders. He argued, in short, that they were inequitable because there was inadequate evidence to show that he had committed fraud by clear and convincing proof. Although the defendant, in his motion, disputed that the trial court's findings of fraud were supported by the evidence and claimed that the court had misconstrued particular evidence when making those findings, he did not argue that the court had applied the wrong standard of proof. At a hearing on the motion to reargue, the defendant argued similarly, again failing to contest or question what standard of proof had been applied.[3] Following the hearing, the trial court made minor adjustments to its original orders in regard to the maintenance of medical and life insurance and the disposition of the parties' household furnishings.

[2] Specifically, the trial court found: "While the [defendant] would like to present the financial aspects as another straightforward wage earner case the evidence belies and refutes this. After six days of trial the court is satisfied that the [defendant] in complicity with his sisters sought to take financial advantage of the [plaintiff] by deceitfully clever means. Unfortunately, the [defendant] has artfully disguised his assets so that a substantial portion of his equitable estate has been reduced." The trial court further described the defendant's actions in this regard as "machinations" and "nefarious dealings," and found that the defendant and his sisters "lack[ed] credibility." The trial court concluded: "A review of all the testimony shows an obvious manipulation of [the defendant's] assets with the connivance and assistance of his family. The evidence is replete with fraudulent transfers, false tax returns, and property deeds that are devoid of truth."

[3] The defendant emphasizes that his counsel referred to the standard of proof several times during the hearing on the motion to reargue, but he does not suggest that his counsel ever claimed that the trial court applied the incorrect standard of proof or questioned what standard of proof the court had employed.

The defendant thereafter appealed from the trial court's judgment to the Appellate Court. In conjunction with his appeal, the defendant filed a motion requesting that the trial court articulate whether an order that he pay certain attorney's fees was duplicative of, or in addition to, an earlier order. In that motion, the defendant did not request that the trial court articulate what standard of proof it had applied in finding fraud. Consequently, in responding to the motion, the trial court issued an articulation only as to the question of attorney's fees.

On appeal to the Appellate Court, the defendant claimed, inter alia, that the trial court "did not explicitly state, or otherwise implicitly indicate, whether the plaintiff had established by clear and convincing evidence that he had engaged in fraudulent transfers of property," and, therefore, the court should not have considered those transfers when distributing the parties' marital assets.[4] *Kaczynski* v. *Kaczynski*, supra, 109 Conn. App. 386. The Appellate Court, with one judge dissenting, agreed and reversed the trial court's judgment. Id., 394. In so doing, the Appellate Court reasoned that, although the trial court's findings had ample support in the evidence, that court nevertheless did not state what burden of proof it had applied when it concluded that the defendant had engaged in fraudulent transfers. Id., 390. The Appellate Court determined that the trial court was required to indicate, either explicitly or implicitly, that the findings of fraudulent transfer

---

[4] The defendant also claimed that the trial court made an alimony award that was not supported by the evidence and the applicable law and entered financial orders that disproportionately favored the plaintiff. *Kaczynski* v. *Kaczynski*, supra, 109 Conn. App. 382. Because the Appellate Court resolved the first issue in the defendant's favor, it did not reach these issues. Id., 382 n.1; see also *Gershman* v. *Gershman*, 286 Conn. 341, 351–52, 943 A.2d 1091 (2008) (because financial orders in dissolution action are carefully crafted mosaic with interwoven components, disturbance of particular order on appeal often requires remand for reconsideration of all orders).

had been made by clear and convincing evidence, but had failed to do so.[5] It concluded, therefore, that the trial court's findings of fraud could not stand. Id. This certified appeal followed.

The plaintiff claims that the Appellate Court improperly reversed the trial court's judgment on the ground that the trial court failed to state what standard of proof it had applied. According to the plaintiff, the Appellate Court should have rejected the defendant's claim because the record was inadequate to support it.[6] We agree.

We first note the applicable standard of review. The question of whether a trial court has held a party to a less exacting standard of proof than the law requires is a legal one. *Lopinto* v. *Haines*, 185 Conn. 527, 536, 441 A.2d 151 (1981). Accordingly, our review is plenary. See *Saunders* v. *Firtel*, 293 Conn. 515, 525, 978 A.2d 487 (2009).

In resolving the defendant's claim, the Appellate Court relied on its previous jurisprudence, specifically, *Tessitore* v. *Tessitore*, 31 Conn. App. 40, 43, 623 A.2d 496 (1993), and *Patrocinio* v. *Yalanis*, 4 Conn. App. 33, 36, 492 A.2d 215 (1985). See *Kaczynski* v. *Kaczynski*, supra, 109 Conn. App. 387, 390. The issue raised in *Tessitore* is identical to the issue in the present case— whether a trial court in a dissolution action properly had considered a party's fraudulent transfer of marital

---

[5] Judge Lavine, in a well reasoned dissent, concluded that it was implicit from the record and memorandum of decision that the trial court had applied the requisite standard of proof. *Kaczynski* v. *Kaczynski*, supra, 109 Conn. App. 394–98; see also footnote 2 of this opinion.

[6] The plaintiff argues, alternatively, that the Appellate Court improperly reversed the trial court's judgment because its memorandum of decision and the transcript of reargument make clear that the trial court implicitly applied the correct standard of proof. Although this argument is well supported, we do not address it in light of our agreement with the plaintiff's first argument.

assets in making financial orders without having made clear in its memorandum of decision that it first had found, by clear and convincing evidence, that the fraudulent transfer had occurred. *Tessitore* v. *Tessitore*, supra, 42–43. Because the trial court's memorandum of decision in that case did not state which standard of proof it had applied, the Appellate Court relied on a rule that it previously had articulated in the case of *Kavarco* v. *T.J.E., Inc.*, 2 Conn. App. 294, 297, 478 A.2d 257 (1984), namely, that when a "trial court's . . . memorandum of decision fails to state the standard of proof that it used [in a civil matter] . . . [a reviewing court] assume[s] that the usual civil preponderance of the evidence standard was used." *Tessitore* v. *Tessitore*, supra, 43. Again, relying on its previous jurisprudence, the Appellate Court allowed, however, that the trial court's decision need not be disturbed "if the memorandum implies that the court applied the proper standard. *Patrocinio* v. *Yalanis*, [supra, 36]."[7] *Tessitore* v. *Tessitore*, supra, 43. In *Tessitore*, as in the present case, the Appellate Court concluded that the trial court's utilization of the correct standard of proof was neither explicit nor implicit and, accordingly, it reversed the trial court's judgment. Id.

In articulating the rule that, in the absence of a clear statement otherwise, it should be assumed that the normal, civil preponderance of the evidence standard was used, the court in *Kavarco* and *Tessitore* relied on this court's per curiam opinion disposing of several consolidated matters, captioned collectively as *In re Juvenile Appeal (83-AB)*, 189 Conn. 58, 454 A.2d 271 (1983). With that decision, we reversed multiple judgments ter-

---

[7] In *Patrocinio* v. *Yalanis*, supra, 4 Conn. App. 36, the Appellate Court concluded that a trial court implicitly had applied the clear and convincing standard when, in its oral decision on claims of fraudulent conveyance, it stated that " 'any claim of fraud requires a very high standard of proof' and that this standard was 'higher than a mere preponderance of the evidence.' "

minating parental rights pursuant to General Statutes (Rev. to 1981) § 17-43a because the trial courts had applied the preponderance of the evidence standard rather than the clear and convincing standard. Id., 60. We remanded the cases for new proceedings in light of the United States Supreme Court's then recent opinion in *Santosky* v. *Kramer*, 455 U.S. 745, 769, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982), which held that due process required that a heightened standard be applied in termination proceedings. When *Santosky* was decided in 1982, thirty-five states already were employing a heightened standard, by virtue of either statute or court decision. Id., 749, 749–50 n.3. Connecticut was not, however, among those states. Although our legislature thereafter amended § 17-43a to comply with the mandate of *Santosky*; see Public Acts 1982, No. 82-202; General Statutes (Rev. to 1983) § 17-43a; see also *In re Juvenile Appeal (84-AB)*, 192 Conn. 254, 257 n.4, 471 A.2d 1380 (1984); the terminations being challenged in *In re Juvenile Appeal (83-AB)* had occurred prior to the amendment.

Before reversing the judgments in light of *Santosky*, we stated: "In each of [the cases on appeal], the judgment of the [trial] court contains no indication of the standard of proof applied by the trial judge in arriving at a decision; we assume, therefore, that the trial court applied the civil standard of a fair preponderance of the evidence." *In re Juvenile Appeal (83-AB)*, supra, 189 Conn. 59. It is the foregoing statement on which the Appellate Court relied in deciding *Kavarco* v. *T.J.E., Inc.*, supra, 2 Conn. App. 297, and, thereafter, *Tessitore* v. *Tessitore*, supra, 31 Conn. App. 43.

After reviewing the context of our decision in *In re Juvenile Appeal (83-AB)*, we conclude that the Appellate Court's statement of that case's holding in *Kavarco* was overly broad. In *In re Juvenile Appeal (83-AB)*, we did not presume that the trial courts had applied

the preponderance of the evidence standard simply because the matters at issue were civil, but rather, because, at the time the judgments were rendered, that standard was the legally correct one to apply in a termination case under the governing statute. Stated otherwise, in the absence of any other indications, we assumed that the trial courts decided the cases *correctly*.[8] Our holding therefore was entirely consistent with the general rule, often stated when we decline to review claims due to the appealing party's failure to provide an adequate record to establish error by seeking an articulation, that "[w]e do not presume error; [instead] the trial court's ruling is entitled to the reasonable presumption that it is correct unless the party challenging the ruling has satisfied its burden demonstrating the contrary. . . .

"The defendant has an obligation to supply this court with a record adequate to review his claim of error. . . . It is important to recognize that a claim of error

---

[8] The presumption that the trial court had applied the preponderance standard, on which the Appellate Court relied, also has been applied in a variety of other contexts. See, e.g., *Smith* v. *Muellner*, 283 Conn. 510, 537, 932 A.2d 382 (2007) (rejecting claim that trial court improperly held party to higher standard of proof on prescriptive easement claim); *Rollar Construction & Demolition, Inc.* v. *Granite Rock Associates, LLC*, 94 Conn. App. 125, 133–34, 891 A.2d 133 (2006) (rejecting claim that trial court improperly held party to higher standard of proof as to validity of mechanic's lien); but see *State* v. *Davis*, 229 Conn. 285, 303, 641 A.2d 370 (1994) (declining to presume that preponderance of evidence standard had been applied where trial court "articulated a standard of 'appropriate evidence' " and where it previously had not been established conclusively whether preponderance standard, or lesser one, was correct standard to apply in probation violation hearings); *State* v. *Villano*, 35 Conn. App. 520, 527, 646 A.2d 915 (1994) (same). Additionally, *Lopinto* v. *Haines*, supra, 185 Conn. 527, which is cited by the defendant, is not inconsistent. In that case, we concluded that the trial court had not applied the requisite heightened standard of proof, not merely because it did not so indicate, but "because the quality of evidence that [was] referred to in [the court's] memorandum of decision [did] not, as a matter of law, rise to [that] standard." Id., 536; see also id., 539. As previously mentioned, the Appellate Court in the present case acknowledged that the trial court's finding of fraud had ample support in the evidence.

cannot be predicated on an assumption that the trial court acted erroneously."[9] (Citations omitted; internal quotation marks omitted.) *State* v. *Crumpton*, 202 Conn. 224, 231–32, 520 A.2d 226 (1987); see also *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 739 n.25, 937 A.2d 656 (2007) ("in the absence of an articulation— which the appellant is responsible for obtaining—we presume that the trial court acted properly"); *S & S Tobacco & Candy Co.* v. *Greater New York Mutual Ins. Co.*, 224 Conn. 313, 321–22, 617 A.2d 1388 (1992) ("[i]n the absence of [an adequate] record [for appellate review], we presume that the trial court, in rendering its judgment . . . undertook the proper analysis of the law and the facts"); *DiBella* v. *Widlitz*, 207 Conn. 194, 203–204, 541 A.2d 91 (1988) ("[a]bsent a record that demonstrates that the trial court's reasoning was in error, we presume that the trial court correctly analyzed the law and the facts in rendering its judgment").

Consequently, we hereby overrule *Kavarco*, *Tessitore* and their progeny,[10] and we abandon the presumption stated in those cases in favor of the following one: When

[9] Indeed, in *Capozzi* v. *Luciano*, 174 Conn. 170, 173–74, 384 A.2d 359 (1978), this court declined to review a claim that the improper standard of proof had been applied when the appellant had not raised that claim before the trial court. See also *Smith* v. *Muellner*, 283 Conn. 510, 537, 932 A.2d 382 (2007) (declining to review similar claim when party had failed to seek articulation); but see *Lopinto* v. *Haines*, supra, 185 Conn. 536 n.10 (reviewing similar claim but noting that, where heightened standard is required, "it facilitates appellate review if the trial court's memorandum indicates that it has been applied").

[10] See, e.g., *Citino* v. *Redevelopment Agency*, 51 Conn. App. 262, 270, 721 A.2d 1197 (1998); *Cook* v. *Bieluch*, 32 Conn. App. 537, 548, 629 A.2d 1175, cert. denied, 228 Conn. 910, 635 A.2d 1229 (1993); *State* v. *Davis*, 29 Conn. App. 801, 812–13, 618 A.2d 557 (1993), rev'd on other grounds, 229 Conn. 285, 302, 641 A.2d 370 (1994); *Freeman* v. *Alamo Management Co.*, 24 Conn. App. 124, 131–32, 586 A.2d 619 (1991), rev'd on other grounds, 221 Conn. 674, 682–83, 607 A.2d 370 (1992); *Schaffer* v. *Lindy*, 8 Conn. App. 96, 105, 511 A.2d 1022 (1986), abrogated in part as stated in *Stuart* v. *Stuart*, 112 Conn. App. 160, 175–76, 962 A.2d 842, cert. granted, 290 Conn. 920, 966 A.2d 237 (2009).

a trial court in a civil matter requiring proof by clear and convincing evidence fails to state what standard of proof it has applied, a reviewing court will presume that the correct standard was used. If a party, following the rendering of the trial court's judgment, believes that the trial court potentially utilized the less stringent standard of preponderance of the evidence, that party has the burden of seeking an articulation[11] if the decision is unclear; see Practice Book § 66-5; or reargument[12] if impropriety is apparent; see Practice Book § 11-12; thus giving that court the opportunity to clarify the standard used or to correct the impropriety and thereby avoiding an unnecessary appeal. If, instead, the party forgoes articulation or reargument and instead chooses to raise the issue for the first time on appeal, the reviewing court will not presume error from silence as to the standard used.[13] Consequently, if it is not otherwise clear from the record that an improper standard was applied, the appellant's claim will fail on the basis of inadequate support in the record.

[11] "[A]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Internal quotation marks omitted.) *Stone-Krete Construction, Inc.* v. *Eder*, 280 Conn. 672, 685–86, 911 A.2d 300 (2006).

[12] "[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked . . . ." (Internal quotation marks omitted.) *Intercity Development, LLC* v. *Andrade*, 286 Conn. 177, 189, 942 A.2d 1028 (2008).

[13] Unlike the presumptive rule of *Tessitore*, the rule we adopt today will prevent a party, like the defendant in the present matter, from pursuing one strategy in the trial court and another on appeal, resulting in an ambuscade of the trial judge. See *State* v. *Scruggs*, 279 Conn. 698, 718–19, 905 A.2d 24 (2006). As previously mentioned, the defendant in this case filed both a motion to reargue and a motion for articulation, but in each motion, he declined to seek clarification as to the standard of proof applied by the trial court.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to address the remaining issues raised by the defendant's appeal.

In this opinion the other justices concurred.