SHEPARD GROUP, LLC *v.* JEFFREY ARNOLD ET AL.
(AC 30573)

Beach, Alvord and West, Js.

Argued April 21—officially released September 21, 2010

*Christopher M. Licari*, with whom was *Alinor C. Sterling*, for the appellants (defendants).

*David R. Schaefer*, with whom was *Sean M. Fisher*, for the appellee (plaintiff).

*Opinion*

BEACH, J. The defendants, Jeffrey Arnold and Johanna Arnold, appeal from the judgment of the trial court rendered in favor of the plaintiff, the Shepard Group, LLC. The defendants claim that the court (1) erred in finding that the defendants failed to establish their counterclaim that alleged adverse possession and (2) applied an incorrect burden of proof as to their counterclaim that alleged that they had acquired the right to use the real property at issue as a result of a

prescriptive easement. We affirm the judgment of the trial court.

The following facts and procedural history are relevant. The plaintiff is the record owner of a parcel of real property located in Hamden known as 410 and 336 Denslow Hill Road (Shepard parcel). The plaintiff took title to the Shepard parcel in 1997 by virtue of a quitclaim deed from Howard Raccio, a member of the plaintiff, who had purchased the land in 1976. The portion of the Shepard parcel known as 410 Denslow Hill Road is an approximately eleven and one-half acre parcel situated behind homes fronting on Denslow Hill Road. It includes a fifty foot access strip, linking the rear portion to Denslow Hill Road.[1] The defendants are the owners of a parcel of land in Hamden known as 400 Denslow Hill Road (Arnold parcel).[2] In 2001, the defendants took title to their property by virtue of a warranty deed from the prior owners. The Arnold parcel abuts the access strip owned by the plaintiff.

In June, 2007, the plaintiff filed a multiple count complaint against the defendants, seeking, inter alia, to determine the rights of the parties with respect to an "area of encroachment" that consisted of a portion of the plaintiff's access strip the defendants used. The defendants thereafter filed special defenses and a counterclaim that alleged that they had acquired title to the area of encroachment by adverse possession or, in the alternative, by means of a prescriptive easement.

Following a trial, the court found that the plaintiff is the title owner of the access strip free and clear of any claim by the defendants of adverse possession or a

---

[1] There also is access to the rear parcel through a parcel designated as 336 Denslow Hill Road.

[2] The appendix to this opinion is a property survey. Both parties agreed, by virtue of a joint trial stipulation, that it accurately depicts the Shepard and Arnold parcels.

prescriptive easement.[3] The court found in favor of the plaintiff on the defendants' counterclaim. This appeal followed.

I

The defendants first claim that the court's finding that they failed to establish their counterclaim that alleged adverse possession was clearly erroneous. We disagree.

"[T]o establish title by adverse possession, the claimant must oust an owner of possession and keep such owner out without interruption for fifteen years by an open, visible and exclusive possession under a claim of right with the intent to use the property as his [or her] own and without the consent of the owner. . . . A finding of [a]dverse possession is not to be made out by inference, but by clear and positive proof. . . . [C]lear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist. . . . The burden of proof is on the party claiming adverse possession. . . .

"Despite [this] exacting standard, our scope of review is limited. . . . Because adverse possession is a question of fact for the trier . . . the court's findings as to

[3] The area of encroachment in dispute at trial included certain driveway and lawn-stone wall portions of the access strip. The defendants' adverse possession claim on appeal concerns only the disputed driveway portion of the area of encroachment. Their prescriptive easement claim on appeal originally pertained both to the driveway and lawn-stone wall portions of the area of encroachment. Following a May 28, 2010 articulation by the trial court; see part II of this opinion; the defendants abandoned their claim on appeal as to the lawn-stone wall areas only. Thus, their claim on appeal regarding the prescriptive easement pertains only to the driveway portion.

this claim are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . . A trial court's findings in an adverse possession case, if supported by sufficient evidence, are binding on a reviewing court . . . ." (Internal quotation marks omitted.) *Har* v. *Boreiko*, 118 Conn. App. 787, 798–99, 986 A.2d 1072 (2010).

The court found that the defendants had not sustained their burden of proving that they had acquired title by adverse possession to the area of encroachment. In support of their claim that this finding is clearly erroneous, the defendants refer to certain evidence elicited at trial which they purport proves their adverse possession claim. They argue that the testimony of Gloria Mongillo, who lived with her husband on the Arnold parcel from 1957 to 1992, demonstrates that the Mongillos paved the driveway portion of the access strip in 1957 and that the Mongillos thought they owned the driveway.[4] The fact that there was evidence in support of the defendants' claim of adverse possession does not establish that the court's finding that they had not proven their claim is clearly erroneous.

The court, as the trier of fact in this case, determined that the defendants had not met their burden of proof,

---

[4] There is little dispute as to whether the driveway area was paved. The court, however, was free to believe or to disbelieve testimony regarding permission. See, e.g., *St. Joseph's Living Center, Inc.* v. *Windham*, 290 Conn. 695, 760–61, 966 A.2d 188 (2009).

and its conclusion in that regard is not clearly erroneous.[5] "[T]he trial court is free to accept or reject, in whole or in part, the evidence presented by any witness, having the opportunity to observe the witnesses and gauge their credibility. . . . This court defers to the trial court's discretion in matters of determining credibility and the weight to be given to a witness' testimony. . . . We cannot retry the matter, nor can we pass on the credibility of a witness." (Citations omitted; internal quotation marks omitted.) *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 878–79, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001).

## II

The defendants next claim that the court applied an incorrect burden of proof as to their prescriptive easement counterclaim regarding the driveway portion of the area of encroachment. We disagree.

We first set forth the requirements for establishing a prescriptive easement. "[General Statutes §] 47-37 provides for the acquisition of an easement by adverse use, or prescription. That section provides: No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years. In applying that section, this court repeatedly has explained that [a] party claiming to have acquired an easement by prescription must demonstrate that the use [of the property] has been open, visible, continuous and uninterrupted for fifteen

---

[5] The defendants further argue that the court's memorandum of decision "confirms that the trial court's ruling is deeply flawed." The defendants refer to various claimed errors in the court's decision. Although somewhat sparse in its analysis, the court clearly concluded that the defendants failed to meet their burden of proof, and that conclusion is not clearly erroneous. There is nothing in the court's memorandum of decision that leaves us with the definite and firm conviction that a mistake has been committed.

years and made under a claim of right." (Internal quotation marks omitted.) *Slack* v. *Greene*, 294 Conn. 418, 427, 984 A.2d 734 (2009).

"The burden is on the party claiming a prescriptive easement to prove all of the elements by a preponderance of the evidence." *Ventres* v. *Goodspeed Airport, LLC*, 275 Conn. 105, 125, 881 A.2d 937 (2005), cert. denied, 547 U.S. 1111, 126 S. Ct. 1913, 164 L. Ed. 2d 664 (2006). "When a party contests the burden of proof applied by the trial court, the standard of review is de novo because the matter is a question of law." (Internal quotation marks omitted.) *Smith* v. *Muellner*, 283 Conn. 510, 536, 932 A.2d 382 (2007).

In their principal brief, the defendants claim that the court did not apply the preponderance of the evidence standard to their prescriptive easement claim but, rather, applied an incorrect standard, that of clear and convincing evidence. They claim that the court's memorandum of decision indicates that the court used an improper standard as to this claim and that the existence of that error was reinforced by a June 24, 2009 articulation by the trial court on a different issue in which it, sua sponte, stated that it found that certain portions "of the driveway of the defendants and the circumstances under which it was created did not warrant a finding by clear and convincing evidence that any . . . prescriptive easement [was] created . . . ."

Following oral argument before this court, we, sua sponte, ordered the trial court to articulate "what burden of proof it applied to the defendants' claim of prescriptive easement" and permitted the parties to file simultaneous supplemental briefs limited to that issue if they chose to do so. In a May 28, 2010 articulation, the court stated that "[t]he defendants failed to sustain the burden of proving by a fair preponderance of proof that they acquired a prescriptive easement upon the

property of the plaintiff.'"[6] In their supplemental brief, the defendants argued that the May 28, 2010 articulation and the June 24, 2009 articulation are directly contradictory, and, thus, this court has no basis for determining which articulation is correct.

The court, in its memorandum of decision, was silent as to the burden of proof that it applied to the count of the defendants' counterclaim alleging a prescriptive easement.[7] We cannot presume any error from the court's silence in its memorandum of decision as to the standard of proof it applied to the defendants' prescriptive easement counterclaim. See *Kaczynski* v. *Kaczynski*, 294 Conn. 121, 130–31, 981 A.2d 1068 (2009) ("[w]hen a trial court in a civil matter requiring proof by clear and convincing evidence fails to state what standard of proof it has applied, a reviewing court will presume that the correct standard was used").

The defendants thereafter filed a motion requesting that the court articulate, inter alia, the use of the terminology "future access" and "small access" as used in

---

[6] The articulation also stated: "The evidence presented by the defendants did not establish with any reasonable certainty their claim regarding the time, the use or the bounds of the prescriptive easement." The defendants claim that this articulation demonstrates that the court's rejection of their prescriptive easement counterclaim pertaining to the driveway was clearly erroneous in light of the evidence in the record. We are not convinced by the defendants' argument in this regard.

[7] In its memorandum of decision, the court expressly stated that it would apply a "clear and positive [proof]" standard to the defendants' adverse possession counterclaim. When discussing the defendants' prescriptive easement counterclaim, it omitted any reference to "clear and positive [proof]" and did not expressly state the standard of proof employed. When making its findings regarding the counterclaim, the court stated that the "[d]efendants have not proven by clear and convincing evidence . . . any adverse right to [the] area, nor have they proven the right to a prescriptive easement over this portion of the access by the plaintiff to the rear acreage owned by the plaintiff. This court concludes that the defendants have not sustained the burden of proving by clear and positive [proof] that they have acquired title by adverse possession to the area of encroachment claimed by the defendants. This court also finds [that the] defendants have not acquired a prescriptive easement on the plaintiff's property because its use and bounds have not been established with reasonable certainty."

its memorandum of decision and the burden of proof applied to their prescriptive easement counterclaim. The court denied this motion. The defendants then filed with this court a motion for review of the trial court's denial of their motion for articulation. We granted the motion for review and granted the relief requested therein only as to the court's use of certain terminology. In its July 24, 2009 articulation regarding the use of "small access" and "future access," the court, sua sponte, stated that it found that certain portions "of the driveway of the defendants and the circumstances under which it was created did not warrant a finding by clear and convincing evidence that any . . . prescriptive easement [was] created . . . ." The court was not required to articulate at that point anything regarding standard of proof.

In response to our sua sponte order regarding the burden of proof applied to the prescriptive easement counterclaim, the court, in its May 28, 2010 articulation, clearly stated that it applied a fair preponderance of the evidence standard to the count of the defendants' counterclaim alleging a prescriptive easement. This articulation, which was to pertain to the burden of proof employed, cannot be seen as contradicting the court's earlier articulation, which was to pertain to the court's use of certain terminology and not to the burden of proof employed.

Because the court's May 28, 2010 articulation indicates that the court applied the proper standard to the defendants' prescriptive easement counterclaim, their claim on appeal fails.

The judgment is affirmed.

In this opinion the other judges concurred.

## Appendix