ADRIAN MARCUS *v.* DAWN CASSARA
(AC 32379)

Gruendel, Alvord and Bear, Js.

Argued January 17—officially released April 30, 2013

*Susan A. Moch*, for the appellant (defendant).

*David V. DeRosa*, with whom, on the brief, was *Austin B. Johns*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The issue on appeal is whether the trial court properly denied the postjudgment motion for attorney's fees filed by the defendant, Dawn Cassara, for the legal representation provided to her in connection with the action brought by the plaintiff, Adrian Marcus, seeking joint custody of the parties' three minor children. The defendant claims that the court abused its discretion (1) by refusing to schedule an evidentiary hearing for her to demonstrate the reasonableness of the requested fees and (2) in failing to award any attorney's fees given the court's factual findings when it rendered its judgment. We affirm the judgment of the trial court.

The record reveals the following facts, as found by the court or undisputed, and procedural history. The parties are not and never have been married to each other. Soon after they began dating, the defendant became pregnant with their first child. In 2006, less than two years after the birth of their daughter, the parties' twin sons were born. Initially, the plaintiff, the defendant and their children lived in a jointly owned home in Greenwich. In June, 2008, the plaintiff commenced the present action by filing an application seeking joint legal custody of the three minor children pursuant to General Statutes § 46b-61.[1]

As stated by the trial court, this action was "conducted with some degree of both drama and extensive litigation." On December 10, 2009, following an eight day trial, the court awarded the parties joint legal custody of the children, with physical custody and final decision-making authority regarding the children awarded to the defendant. The court made numerous additional orders regarding visitation, child support and other financial orders pertaining to the children. It reserved ruling on any requests for attorney's fees until the parties exchanged affidavits and filed them with the court. The court indicated that it would consider the matter concluded if no affidavits were filed. If either or both of the parties filed affidavits, the court stated that it would schedule a hearing upon request.

The defendant filed an affidavit itemizing her attorney's fees and costs on December 18, 2009. The plaintiff

---

[1] General Statutes § 46b-61 provides: "In all cases in which the parents of a minor child live separately, the superior court for the judicial district where the parties or one of them resides may, on the application of either party and after notice is given to the other party, make any order as to the custody, care, education, visitation and support of any minor child of the parties, subject to the provisions of sections 46b-54, 46b-56, 46b-57 and 46b-66. Proceedings to obtain such orders shall be commenced by service of an application, a summons and an order to show cause."

filed a response to the defendant's affidavit on January 15, 2010, in which he argued that the total amount claimed by the defendant was unreasonable. On January 19, 2010, the defendant filed a postjudgment motion for attorney's fees. In that motion, the defendant stated that "[i]n light of the [d]efendant's request for the [p]laintiff to pay more than $20,000 of the [d]efendant's attorney's fees and costs[2] and the [p]laintiff's [r]esponse attacking the credibility of the [d]efendant's itemized billing statements, a hearing will be required."

On January 21, 2010, the court held a hearing on various postjudgment motions. At that time, the court and the parties discussed at length whether it would be necessary to schedule an evidentiary hearing on the defendant's pending motion for attorney's fees. The court ultimately determined that it could decide the motion on the papers because no issues had been raised that would require additional evidence. On May 7, 2010, the court denied without comment the defendant's motion for attorney's fees. The defendant filed a motion for reargument pursuant to Practice Book § 11-11, which the court summarily denied on May 27, 2010. This appeal followed.

I

The defendant's first claim is that the trial court abused its discretion in failing to hold an evidentiary hearing on the defendant's motion for attorney's fees. According to the defendant, "[t]he trial court refused to allow the defendant to put on an evidentiary hearing regarding her fee request or to argue in opposition to the plaintiff's [r]esponse, choosing instead to take the

[2] On September 21, 2009, the defendant filed a document titled "Defendant's Corrected Proposed Orders," in which, inter alia, she requested that the court enter the following order in the judgment: "The [p]laintiff shall contribute $20,000 towards the [d]efendant's counsel fees." The defendant filed her proposed orders on the fifth day of the eight day trial.

matter on the papers without allowing the defendant to respond to [the] plaintiff's allegations and argument." After a thorough review of the transcript of the proceeding at which this matter was discussed, we conclude that the defendant, through her attorney, waived her claim for a hearing because she acquiesced in the court's determination that no hearing was necessary.[3] See *Falls Church Group, Ltd.* v. *Tyler, Cooper & Alcorn, LLP*, 89 Conn. App. 459, 466–67, 874 A.2d 266 (2005), aff'd, 281 Conn. 84, 912 A.2d 1019 (2007).

During the court proceeding on January 21, 2010, the court asked counsel why additional evidence on the motion would be necessary: "Why are we doing evidence? . . . I already have all the evidence regarding their financial abilities. . . . I already heard all the evidence." The plaintiff's counsel stated that he was prepared for the court to consider his response to the defendant's request for attorney's fees on the papers. The defendant's counsel stated that evidence was necessary because "[h]e attacks my personal credibility." The court responded: "I don't need any testimony on this. Let me just say, that from my standpoint sitting here, this has now become between the two of you [counsel]; I'm not interested in your personal attacks on each other . . . . I'm just going to take a look at the file, fees, the issues that were going to come up, all the statutory criteria that I have. If you think there's been attorney misconduct, file a grievance. . . . You [the defendant's counsel] feel like you've been personally attacked; [the plaintiff's counsel] feels like he has been personally attacked. I don't need to have you . . . cast more stones at each other. It's only going to get worse." The defendant's counsel then stated: "It's fine, Your Honor. . . . So that's fine, I'm ready to go home."

---

[3] The plaintiff, in his appellate brief and at the time of oral argument before this court, argued that the defendant waived her claim to an evidentiary hearing. The defendant did not respond to this argument.

Before moving on to the next issue, the court concluded: "It was a difficult case, bad feelings came out of it; it was a hard fought trial. I'd like you to all go home and go on to something else. I'll take care of the attorney's fees issues. . . . There is absolutely nothing raised in the papers filed before me on which I need evidence." The defendant's counsel responded: "That'd be great. . . . Great."

When this extensive discussion ended, the court reasonably could have concluded that the defendant's counsel no longer was pursuing her request for an evidentiary hearing. It is unfair to the court to leave it with the impression that counsel is in agreement with the court's preference to decide the motion on the papers and then argue on appeal that the court abused its discretion by failing to schedule an evidentiary hearing. See *Stratford* v. *Castater*, 136 Conn. App. 535, 545–46, 46 A.3d 953 (2012). Accordingly, we decline to review the merits of the defendant's claim.

## II

The defendant's next claim is that the court abused its discretion in failing to award her any attorney's fees. She argues that the court's factual findings, made when the judgment was rendered,[4] supported such an award and that the court could not have reasonably concluded that the defendant was able to pay her own attorney's fees. Additional facts and procedural history are necessary to resolve this claim.

In the middle of the eight day trial involving the custody and support of the parties' minor children, the defendant submitted her proposed orders in which she requested the court to order the plaintiff to contribute $20,000 toward her attorney's fees. Three months later,

---

[4] The court's decision was issued orally on December 10, 2009, and the judgment is in the transcript of that proceeding signed by the trial judge. See Practice Book § 64-1.

on December 18, 2009, the defendant filed an affidavit averring that the total fees and costs incurred through the trial were $322,162.58, of which approximately $275,000 remained unpaid. Paragraph thirteen of that affidavit acknowledged that the defendant already had paid $20,000 toward those fees and that the plaintiff also paid $20,000 toward the attorney's fees of the defendant. On January 19, 2010, the defendant filed a motion for attorney's fees, stating that she now was seeking more than the $20,000 she previously had requested during the trial. After the court denied her motion for attorney's fees and her motion for reargument, the defendant filed the present appeal.

The defendant subsequently filed a motion for articulation, requesting that the trial court state "the factual and legal basis for the court's decision to deny any award of attorney's fees to the defendant." The trial judge, however, retired from the judiciary prior to ruling on the defendant's motion for articulation. Accordingly, this court, by order dated March 1, 2012, deemed the motion denied and ordered the defendant to file her brief on or before April 2, 2012. The parties subsequently filed their briefs, and oral argument was scheduled for January 17, 2013.

The defendant sought attorney's fees pursuant to General Statutes § 46b-62, which provides in relevant part: "In any proceeding seeking relief under the provisions of this chapter . . . the court *may* order either spouse or, if such proceeding concerns the custody, care, education, visitation or support of a minor child, either parent to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ." (Emphasis added.) "An award of counsel fees under [§ 46b-62] calls for the exercise of judicial discretion. . . . In exercising its discretion, the court must consider the statutory criteria set out in §§ 46b-62 and

46b-82 and the parties' respective financial abilities."
(Citation omitted; internal quotation marks omitted.)
*Lambert* v. *Donahue*, 78 Conn. App. 493, 509, 827 A.2d
729 (2003). The language of § 46b-62 *"permits, without
requiring*, a trial court to award attorney's fees after
considering the respective financial abilities of the par-
ties and the criteria set forth in section 46b-82." (Empha-
sis added; internal quotation marks omitted.) *Fitzgerald*
v. *Fitzgerald*, 190 Conn. 26, 33, 459 A.2d 498 (1983).
"Counsel fees are not to be awarded merely because
the obligor has demonstrated an ability to pay." *Koizim*
v. *Koizim*, 181 Conn. 492, 500–501, 435 A.2d 1030 (1980).

Under the abuse of discretion standard of review,
"[w]e will make every reasonable presumption in favor
of upholding the trial court's ruling, and only upset it
for a manifest abuse of discretion. . . . [Thus, our]
review of such rulings is limited to the questions of
whether the trial court correctly applied the law and
reasonably could have reached the conclusion that it
did." (Internal quotation marks omitted.) *Moasser* v.
*Becker*, 121 Conn. App. 593, 595, 996 A.2d 1200 (2010). In
the present case, the defendant argues that the court's
refusal to award her attorney's fees was unreasonable
because the court had made the following factual find-
ings when judgment was rendered: (1) the defendant
was in financial distress because the plaintiff dissipated
the only real asset of the relationship, which was the
equity in the jointly owned real estate, by depleting the
line of credit[5] and (2) the plaintiff engaged in litiga-
tion misconduct.

With respect to the financial abilities of the parties,
the court stated at the January 21, 2010 court proceed-
ing that "[it had] all the evidence regarding their finan-
cial abilities." The court also knew that the defendant

[5] It is important to note that this action was limited to issues concerning custody, visitation and child support. It was not a dissolution action involving the division of marital property. Although the file reveals that the defendant attempted to insert claims for the partition of the real estate and unjust

already had paid $20,000 toward her own attorney's fees and that the plaintiff had contributed $20,000 toward her fees as well. That information was contained in the sworn affidavit submitted by the defendant's counsel. It is undisputed that the court was intimately aware of the parties' financial abilities when it exercised its discretion in refusing to order the plaintiff to pay the defendant additional attorney's fees.[6]

With respect to the claim of litigation misconduct, the court never made a factual finding that the plaintiff's actions constituted misconduct that could justify an award of attorney's fees. See *Ramin* v. *Ramin*, 281 Conn. 324, 357, 915 A.2d 790 (2007). The defendant directs our attention to various critical statements made by the court concerning the plaintiff during its oral decision at the December 10, 2009 proceeding. In reviewing the entire transcript of that proceeding, however, it is clear that the court complimented and criticized both parties regarding their behavior toward each other during their relationship. The court noted that both parties had been guilty of bad behavior arising out of the conflict between them. In essence, the court's remarks are best summarized in its following statement: "I think you're basically pretty nice people who, independently of each other, are very good parents to your children, but you have a horrible dynamic between you which gets you in trouble . . . ." We conclude that the record does not support the defendant's claim that the plaintiff's alleged litigation misconduct warranted an award of attorney's fees.

---

enrichment, the court properly limited the parties to claims involving the minor children.

[6] The court further was aware of the legal work performed by the defendant's counsel in pursuing issues outside the scope of a § 46b-61 proceeding. See footnote 5 of this opinion. It would be reasonable for the court to exercise its discretion in declining to award additional attorney's fees for legal work unrelated to custody, visitation and child support.

Absent a record that demonstrates that the court's denial of the defendant's request for attorney's fees was in error, we presume that the court correctly analyzed the law and the facts in rendering its judgment. See *Kaczynski* v. *Kaczynski*, 294 Conn. 121, 130, 981 A.2d 1068 (2009). In other words, without indications to the contrary, we will assume that the trial court decided the case *correctly*. A claim of error cannot be predicated on an assumption that the trial court acted erroneously. Id., 129–30. The defendant has failed to persuade us that the court's decision was contrary to the law or the facts and, accordingly, we cannot conclude that the court abused its discretion in denying the defendant's request for attorney's fees.

The judgment is affirmed.

In this opinion the other judges concurred.